**William Edward CORTEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 026–84.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 17, 1984.

Albert A. Pena, III, Corpus Christi, for appellant.

William B. Mobley, Jr., Former Dist. Atty., Grant Jones, Dist. Atty., Elaine W. Stone, Jack E. Hunter and Jeffery A. Babcock, Asst. Dist. Attys., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

Before the court en banc.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

A jury convicted William Edward Cortez, the appellant, of committing the offense of murder on an indictment which charged him with committing the offense of capital murder. Punishment was assessed by the jury at life imprisonment in the penitentiary. In an unpublished opinion, the Corpus Christi Court of Appeals affirmed the trial court's judgment and sentence. *Cortez v. State,* (No. 13–82–204–CR, October 27, 1983).

The record reveals that this trial was appellant's second trial. The first conviction he sustained was reversed by this

Court because the trial court erroneously admitted into evidence a "pen packet" from the State of Florida. See *Cortez v. State*, 571 S.W.2d 308 (Tex.Cr.App.1978).

We granted the appellant's petition for discretionary review to make the determination whether the court of appeals correctly decided appellant's contention that the trial court committed reversible error when it overruled appellant's objection to the following portion of the closing jury argument that was made by the prosecuting attorney at the punishment stage of the trial: "You have a chance right now to cut this cancer cell out of this society, and hopefully save it. It is up to you twelve people. *Now, the only punishment that you can assess that would be any satisfaction at all to the people of this county would be life [imprisonment]."* [Emphasis Added].

The State concedes that "discussions by a prosecutor which invoke the people of the county" closely resemble someone "tiptoing in a mine field," *Edwards v. State*, 660 S.W.2d 622, 626 (Tex.App.—Corpus Christi 1983), P.D.R. refused, but asserts that the above argument was not a call to the jury to heed the demands, desires, or expectations of the community, but, instead, was a "plea for satisfaction to the people of their community; thus, it was a permissible call for recompense, and was not an objectionable warning to satiate the desires or wishes of those persons." The State also urges that the argument was invited by the argument that counsel for appellant made. After having carefully read the argument that was made by defense counsel, we quickly reject the latter contention because we conclude that the above argument the prosecuting attorney made was not invited by defense counsel's argument.

The court of appeals held that the above argument "was merely a suggestion of what penalty would be suitable and was therefore within the bounds of a proper plea for law enforcement." We find that we are unable to agree with this holding because, properly construed, the above argument represents nothing less than what

appears to us to be an attempt by the prosecuting attorney to side step past decisions of this Court which have disapproved similar type arguments.

■ It has long been the law of this State that the law provides for, and presumes, that the accused person will receive a fair trial, and a fair trial cannot be had if it is not free from improper jury argument. *Richardson v. State*, 257 S.W.2d 308 (Tex. Cr.App.1953). Furthermore, an accused person is entitled to have his guilt or punishment determined without reference to any outside influence. *Palmer v. State*, 184 S.W.2d 471 (Tex.Cr.App.1945); *Davis v. State*, 55 S.W. 340 (Tex.Cr.App.1900). Over fifty years ago, this Court stated the following: "Constitutional guaranties have been found necessary to protect the liberty of men from the hasty judgment of the multitude. To more effectually do this, there has been written into our organic law a guaranty that the accused shall be confronted with the witnesses against him. He must, and can only, be convicted [or punished] by testimony coming from the witness stand in open court, where he may have the privilege of cross-examination and of offering rebuttal testimony. Such a rule has been evolved from the wisdom of centuries, and to ask a jury to find the defendant guilty [or to assess a particular punishment] because their neighbors desire it is to ask them to violate this fundamental right which belongs to every man." *Hazzard v. State*, 15 S.W.2d 638, 640 (Tex.Cr. App.1929).

■ Thus, jury argument by a prosecuting attorney that is designed to induce the jury to convict the defendant or assess him a particular punishment because "the people" desire such is improper jury argument. This type argument is manifestly improper, harmful and prejudicial to the defendant and will not be countenanced by this Court. Whenever a prosecuting attorney tells a jury that the people of the community where the crime was committed wants an accused person convicted or assessed a particular punishment, he is not only injecting a new and harmful fact into evidence,

which had no place there originally, but he is conducting his case along lines never contemplated by the framers of our constitution.

In the past, this Court has disapproved the following arguments: "The people of De Soto are asking the jury to convict this defendant." *Cox v. State,* 247 S.W.2d 262 (Tex.Cr.App.1952). "The people of this community expect you to put this man away, and the only way you can do it is to send Willie Porter to the electric chair." *Porter v. State,* 226 S.W.2d 435 (Tex.Cr. App.1950). "I tell you, the people of Matagorda and Jackson counties are expecting you to do your duty in this case and assess the defendant's punishment at death." *Peysen v. State,* 124 S.W.2d 137 (Tex.Cr. App.1939). "Look at this courtroom—it is crowded with Polk County people, demanding the death penalty for Bob White." *White v. State,* 117 S.W.2d 450 (Tex.Cr. App.1938). "The people are present in this courtroom to see that this defendant gets punished." *Cleveland v. State,* 130 Tex. Cr.R. 357, 94 S.W.2d 746 (Tex.Cr.App.1936). "The eyes of Commanche County are upon you—look at this crowd in this courtroom, and a crowd has been here all during this trial. The will and wish of every law abiding citizen of Commanche County wants a verdict of death." *Hazzard v. State,* supra. "The people of Nueces County expect you to put this man away." *Pennington v. State,* 171 Tex.Cr.R. 130, 345 S.W.2d 527 (1961). "There are over a million people that stand between him and the penitentiary. They'd want him to go there if they knew what he did." *Prado v. State,* 626 S.W.2d 775 (Tex.Cr.App.1982). "The jury ought to convict the defendant because the people of Denison desire it." *Woolly v. State,* 93 Tex.Cr.R. 384, 247 S.W. 865 (Tex. Cr.App.1923). The above arguments have been disapproved by this Court because the effect of the language used was to ask the jury to convict or punish the defendant upon public sentiment or desire rather than upon the evidence that the jury had received.

Is there any real difference in meaning between the statement the prosecuting attorney made in *Pennington v. State,* supra, "The people of Nueces County expect you to put this man away", and the statement that the prosecuting attorney made in this cause, "Now, the only punishment that you can assess that would be any satisfaction at all to the people of [Nueces] county would be life"? We hold that in substance all the prosecuting attorney has done in this instance is to rephrase, by transposing and substituting different words which have virtually the same meaning, that which this Court has in the past disapproved. We find that the argument that was made in this instance represents nothing more than to put new garb on an old emperor, i.e., the transposition of words, and the use of the word "satisfaction" rather than "expect," did not cause the above statement to have a different meaning than the statement that was made in *Pennington v. State,* supra.

We believe that a community which will not be satisfied with anything but the maximum penalty for the offense for which the defendant was convicted, as the prosecutor argued here without any evidentiary support, is a community that "wants," "desires," "requires," and "expects" the jury to return that penalty. The prosecuting attorney's argument was clearly improper. Also see *Curtis v. State,* 640 S.W.2d 615 (Tex.Cr.App.1982); *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973); *Jones v. State,* 205 S.W.2d 590 (Tex.Cr.App.1947); *Kelley v. State,* 79 Tex.Cr.R. 402, 185 S.W.2d 570 (Tex.Cr.App.1916).

We hold that the prosecuting attorney's argument did not ask the jury to be the voice of the community, but, instead, asked the jury to lend its ear to the community. In this he erred by making such argument and the trial judge erred in overruling appellant's objection to the argument.

Appellant's first ground of error is sustained. The judgment of the court of appeals is reversed and the cause is remanded to the trial court.

ONION, P.J., and CAMPBELL, J., concur.

McCORMICK and W.C. DAVIS, JJ., dissent.