IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00023-CR

 

John Louis Lyons,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 213th District Court

Tarrant County, Texas

Trial Court No. 0930509D

 



MEMORANDUM  Opinion



 








          A jury convicted John Louis Lyons of
aggravated robbery and assessed his punishment at fifty-five years’
imprisonment and a $10,000 fine.  Lyons contends in a single issue with two
sub-parts that he received ineffective assistance of counsel because counsel:
(1) “fail[ed] to obtain a ruling on his motion for mistrial when the State
attacked the credibility of Appellant’s counsel during the State’s closing
argument”; and (2) “failed to object when the State’s closing argument . . . placed
the jury in the shoes of the victims and encouraged a decision based on emotion
rather than impartiality.”  We will affirm.




Ineffective Assistance of Counsel

          To prevail on an ineffective
assistance claim, the familiar Strickland v. Washington test must be
met.  Wiggins v. Smith, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L.
Ed. 2d 471 (2003) (citing Strickland, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)); Andrews v. State, 159 S.W.3d 98, 101-02
(Tex. Crim. App. 2005) (same).  Under Strickland, an ineffective
assistance claim will be sustained if it is determined that: (1) counsel’s
performance was deficient, and (2) the defense was prejudiced by counsel’s
deficient performance.  Wiggins, 539 U.S. at 521, 123 S. Ct. at 2535; Strickland,
466 U.S. at 687, 104 S. Ct. at 2064; Andrews, 159 S.W.3d at 101.

          Generally, the record on direct appeal
will not be adequate for analysis of an ineffective assistance complaint,
particularly when, as here, the issue was not addressed in a hearing on a
motion for new trial.  See Andrews, 159 S.W.3d at 102.  In this
situation, an appellate court will usually reject the complaint in a summary
fashion.  See, e.g., Scheanette v. State, 144 S.W.3d 503,
510 (Tex. Crim. App. 2004).  However, “when no reasonable trial strategy could
justify the trial counsel’s conduct, counsel’s performance falls below an
objective standard of reasonableness as a matter of law, regardless of whether
the record adequately reflects the trial counsel’s subjective reasons for
acting as [counsel] did.”  Andrews, 159 S.W.3d at 102. 

          Lyons contends that the alleged failings
of trial counsel which form the basis of his appellate complaint are failings
which “no reasonable trial strategy could justify.”  Accordingly, we will
examine the merits of Lyons’s contentions.




Failure to Obtain Ruling on Motion for Mistrial

          Lyons contends in the first sub-part
of his sole issue that he received ineffective assistance of counsel because
counsel “fail[ed] to obtain a ruling on his motion for mistrial when the State
attacked the credibility of Appellant’s counsel during the State’s closing
argument.”

          The pertinent argument is as follows:

Prosecutor:                    And
when [defense counsel] gets up here and tells you that this Defendant’s worthy
of probation or of some lower sentence, remember this is the same person that
stood up before you and embraced the defense of duress yesterday and that told
you—

 

Defense Counsel:     Object.  Object, object to counsel’s argument—

 

The Court:           Sustained.

 

Defense Counsel:  —and
I object to that.  Can we have the jury instructed to disregard.

 

The Court:           The
jury is instructed to disregard that portion of the argument.

 

Prosecutor:          You
now know—

 

Defense Counsel:  Move
for mistrial.

 

Prosecutor:          —you
now know the rest of the story.  You now know the truth.  You now know what this
Defendant is capable of.  This Defendant, who is capable of donning a
terrifying mask, of wielding a weapon.  And not just any weapon, a shotgun, and
not an empty shotgun.

 

          The four generally permissible areas
of prosecutorial jury argument are: (1) summation of the evidence; (2)
reasonable deduction from the evidence; (3) answer to argument of opposing
counsel; and (4) plea for law enforcement.  Wesbrook v. State, 29 S.W.3d
103, 115 (Tex. Crim. App. 2000); Guy v. State, 160 S.W.3d 606, 616 (Tex. App.—Fort Worth 2005, pet. ref’d).  Argument which strikes at the defendant through
his attorney is generally impermissible.  See Wilson v. State, 7 S.W.3d 136,
147 (Tex. Crim. App. 1999); Magana v. State, 177 S.W.3d 670, 674 (Tex. App.—Houston [1st Dist.] 2005, no pet.); Guy, 160 S.W.3d at 616.

          “[A] prosecutor runs a risk of
improperly striking at a defendant over the shoulder of counsel when the
argument is made in terms of defense counsel personally and when the argument
explicitly impugns defense counsel’s character.”  Mosley v. State, 983
S.W.2d 249, 259 (Tex. Crim. App. 1998); accord Magana, 177 S.W.3d at
674-75; Guy, 160 S.W.3d at 617.

          Here, the prosecutor’s argument at
least implicitly attacked defense counsel’s credibility by calling into
question defense counsel’s argument that Lyons should receive community
supervision because the jury had only recently rejected defense counsel’s
argument at guilt-innocence that Lyons had acted under duress.  Because the
argument directly refers to defense counsel, we conclude that the argument is
improper.  See Guy, 160 S.W.3d at 617.  However, the court promptly
sustained counsel’s objection and instructed the jury to disregard the
argument.  

           “Where
arguments that strike over the shoulders of defense counsel are not
particularly egregious, an instruction to disregard will generally cure the
error.”  Wilson, 7 S.W.3d at 148; accord Phillips v. State, 130
S.W.3d 343, 355-56 (Tex. App.—Houston [14th Dist.] 2004, pet. granted[1]). 
We do not consider the complained-of argument to be “particularly egregious.”  Cf.
Mosley, 983 S.W.2d at 258 (“In its most egregious form, this kind of
argument may involve accusations of manufactured evidence, or an attempt to
contrast the ethical obligations of prosecutors and defense attorneys.”) (citations
omitted).  

          Because the complained-of argument is
not “particularly egregious” and because the trial court promptly instructed
the jury to disregard it, we hold that the prejudicial effect of the argument
was cured by the court’s instruction.  See Wilson, 7 S.W.3d at 148; Phillips,
130 S.W.3d at 355-56.

          The denial of a motion for mistrial,
appropriate for “highly prejudicial and incurable errors,” is reviewed under an
abuse of discretion standard.  See Simpson v. State, 119 S.W.3d 262, 272
(Tex. Crim. App. 2003) (quoting Wood v. State, 18 S.W.3d 642, 648 (Tex.
Crim. App. 2000)).  “Only in extreme circumstances, where the prejudice is
incurable, will a mistrial be required.”  Hawkins v. State, 135
S.W.3d 72, 77 (Tex. Crim. App. 2004).  

          We have determined that the
prejudicial effect of the complained-of argument was cured by the court’s
instruction to disregard.  Thus, the court would not have abused its discretion
by denying Lyons’s motion for mistrial, and Lyons was not
prejudiced by trial counsel’s failure to pursue an adverse ruling.[2]

Failure to Object to Closing Argument

            Lyons contends in the second sub-part of his sole issue
that he received ineffective assistance of counsel because counsel “failed to
object when the State’s closing argument . . . placed the jury in the shoes of
the victims and encouraged a decision based on emotion rather than
impartiality.”

          A representative sample of pertinent
selections from the prosecutor’s closing argument follows:

                      When you go to the shopping malls at
night this holiday—maybe some of you went last night, maybe some of you went
the night before.  How many of you locked your cars or made sure you had your
keys ready when you were heading to your car?  How many of you made sure you
remembered exactly where your car was parked when you walked out at night in
the dark?  

 

                   It’s
people like him that we fear.  This is who we fear.  You’ve shared a courtroom
with him and you know exactly what he’s capable of.

 

          .  .  . 
.

 

                   John Lyons didn’t destroy a
life.  He destroyed six lives.  And that’s a low estimate.  Because, ladies and
gentlemen, for the rest of their lives, they are John Lyons’ victims.  For the
rest of their life, you think they’re going to be able to walk into a
convenience store and not look twice?  Do you think they’re going to be able to
walk into a Whataburger and not think about it?  Honestly, do you think you’re
going to be able to walk into a Whataburger and not think about him?  You can’t. 
Because what he did is so heinous and so scary and so terrifying that it will
stay with all of us.

 

          . 
.  .  .

 

                   And now, ladies and
gentlemen, it’s time for you to tell her and it’s time for you to tell Christy
Green’s children, it’s time for you to tell Christy, it’s time for you to tell
Maria, it’s time for you to tell Smile, time for you to tell Angie, time for
you to tell Carol what their heroism is worth, what their safety is worth, what
their peace is worth.

 

          .  .  .  .

 

                   You let him out, the next
victim, maybe next time they don’t obey.  You’re telling these people what
their safety is worth.  Make sure you can look them in the eye.  Give him a
life sentence.

 

          The complained-of arguments may be
grouped in the following categories: (1) asking the jurors to reflect on the impact
the facts of the case has had on their personal lives; (2) asking the jurors to
assess a punishment with which they can be comfortable facing the victims[3]
and their families; and (3) advising the jurors that their verdict impacts
community safety.

          The Fourteenth Court of Appeals has
recognized that a distinction must be made

          between properly asking the
jury to place themselves in the shoes of the victim to understand the pain,
injury, or loss suffered by the victim versus improperly asking the jury
to place themselves in the shoes of the victim to consider what punishment the
victim would want to impose upon the defendant.

 

Torres v. State, 92 S.W.3d 911, 922-23 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d); accord Gonzalez v. State, No.
10-01-00393-CR, 2003 WL 21877663, at *1 (Tex. App.—Waco Aug. 4, 2003, no pet.)
(not designated for publication).  In a similar context, it has been held that
argument is improper if it “urges the jury to lend its ear to the community
rather than to be the voice of the community.”  Rodriguez v. State, 90
S.W.3d 340, 365 (Tex. App.—El Paso 2001, pet. ref’d); accord Cortez v. State,
683 S.W.2d 419, 421 (Tex. Crim. App. 1984); Gonzalez, 2003 WL 21877663,
at *2-3.

          Here, the State essentially asked the
jurors to “lend their ears” to the punishment the victims and their families
expected.  This was improper.  See Cortez, 683 S.W.2d at 421; Torres,
92 S.W.3d at 922-23; Rodriguez, 90 S.W.3d at 365; see also Gonzales,
2003 WL 21877663, at *2-3.

          Nevertheless, Lyons cannot establish
the requisite prejudice from his trial counsel’s failure to object to this improper
argument if we conclude that the argument did not affect his substantial
rights.  See Tex. R. App. P. 44.2(b);
 Martinez v. State, 17 S.W.3d 677, 692 (Tex. Crim. App. 2000); Zunker
v. State, 177 S.W.3d 72, 84 (Tex. App.—Houston [1st Dist.] 2005, pet.
ref’d).

          To determine harm, we consider: (1)
the severity of the misconduct (prejudicial effect), (2) curative measures, and
(3) the certainty of the punishment assessed absent the misconduct (likelihood
of the same punishment being assessed).  See Martinez, 17 S.W.3d at 692-93;
Zunker, 177 S.W.3d at 84.

          Regarding the severity of the improper
argument, we hold that the degree of impropriety was minimal.  In Martinez , the Court of Criminal Appeals considered an argument in which the
prosecutor advised the jury, “The family of the murdered victims, the
family—the victims themselves, they cry out to you for the death penalty in
this case.”  Martinez, 17 S.W.3d at 692.  The Court held “the degree of
misconduct, if any” in this argument was “relatively mild.”  Id. at 693.

          In Rivera v. State, the
following punishment argument was challenged:

          But why, ladies and gentlemen, if 60
years is the same as life, minimum number of years wise, why would you give him
the break and say 60 years?  Why?  After all these breaks that he’s been given,
why wouldn’t you give the break to the victim’s family and let them hear what
they believe is the appropriate punishment?

 

82 S.W.3d 64, 69-70 (Tex. App.—San Antonio 2002,
pet. ref’d).  The San Antonio Court relied on Martinez to conclude that
the degree of misconduct in this argument was “relatively mild.”  Id. at 70.

          Following Martinez and Rivera,
we likewise conclude that the degree of misconduct in the challenged argument
is “relatively mild.”

          Because counsel did not object to the
challenged argument, the trial court did not employ any curative measures.  See
 Martinez, 17 S.W.3d at 693; Zunker, 177 S.W.3d at 85; Rivera,
82 S.W.3d at 70.  Nevertheless, the portion of the argument which arguably
informed the jury that the victims and their families wanted a life sentence
was a relatively small portion of the prosecutor’s closing argument.  See Martinez, 17 S.W.3d at 693; Rivera, 82 S.W.3d at 70.

          Regarding the certainty of the
punishment assessed absent the improper argument, we note that the State presented
evidence at punishment that Lyons had committed robberies at two convenience
stores in the same area as the Whataburger restaurant he was convicted of
robbing.  The State presented evidence of the impact one of these extraneous
robberies had had on children who were present at that store.  The State also
presented evidence that Lyons was on community supervision for burglary at the
time he committed these robberies.  See Archie v. State, 181 S.W.3d 428,
432 (Tex. App.—Waco 2005, pet. filed) (finding it “likely that the same
punishment would have been assessed regardless of the improper comment” “due to
the strength of the State’s punishment case”); Zunker, 177 S.W.3d at
87-88 (considering extraneous offenses in evaluating certainty of punishment); Rivera,
82 S.W.3d at 71 (considering defendant’s extensive criminal history in
evaluating certainty of punishment).

          Given the relatively mild nature of
the improper argument and the certainty that the jury would have assessed the
same punishment regardless of the improper argument, we conclude that the
improper argument did not affect Lyons’s substantial rights.  See Martinez, 17 S.W.3d at 694; Zunker, 177 S.W.3d at 88; Rivera, 82 S.W.3d at
70-71.  Thus, Lyons was not prejudiced by trial counsel’s failure to object to
the argument.

Conclusion

          The
trial court’s instruction to disregard cured any prejudicial effect from the
prosecutor’s argument which attacked defense counsel’s credibility.  Accordingly,
 Lyons was not prejudiced by trial counsel’s failure to obtain a ruling on the
motion for mistrial.  The prosecutor’s improper argument regarding the
sentencing expectations of the victims and their families did not affect Lyons’s substantial rights.  Accordingly, Lyons was not prejudiced by trial counsel’s failure
to object to the argument.  Therefore,
we overrule Lyons’s sole issue.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring)

Affirmed

Opinion delivered and
filed March 22, 2006

Do not publish

[CRPM]









[1]
        The Court of Criminal Appeals has granted review
on issues other than improper jury argument, namely:

            1. The Court of
Appeals erred by holding the State’s failure to elect which specific
transaction it intended to rely upon for conviction was constitutional error
analyzed for harm under Rule 44.2(a) of the Texas Rules of Appellate Procedure.

            2. The Court should
reexamine its holding in O’Neal v. State to determine: (1) whether
overruling an election request constitutes automatic error despite no erroneous
evidentiary rulings or jury instructions; and (2) when the State is required to
elect which transaction it will rely upon for conviction.

Phillips v. State,
No. 04-0499 (Tex. Crim. App. Feb. 9, 2005) (order granting petition for
discretionary review).

 





[2]
          Arguably, the court implicitly
denied the motion for mistrial by allowing the argument to continue without
interruption.  See Tex. R. App.
P. 33.1(a)(2)(A).





[3]
          Including the victim of the
charged offense and the victims of the extraneous offenses proved at
punishment.