Opinion issued October 7, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00843-CR

———————————

DAVID WILLIAM PONCE-RIVERA, Appellant

V.

THE STATE OF
TEXAS, Appellee



 



 

On Appeal from the 263rd District
Court

Harris County, Texas



Trial Court Case No. 1171611

 



 

MEMORANDUM OPINION

A jury
found appellant, David William Ponce-Rivera, guilty of the offense of burglary
of a habitation with intent to commit sexual assault[1] and assessed his punishment
at confinement for twenty-five years.  In
his sole point of error, appellant contends that the trial court erred in
overruling his objection during the punishment phase to the State’s improper
argument that appealed to “community expectations.”

We affirm.

Background

The
complainant, a 72-year-old woman, testified that on June 18, 2008, she went
outside of her home to work in her yard, and she did not lock her door.  About thirty minutes later, she went back
inside her home to repair a chair. 
Shortly thereafter, appellant, wearing “pull-on” “maroon shorts” and no
shirt, ran down the hallway at the complainant. 
He grabbed the complainant by her arms, dragged her across the floor on
her knees into the hallway, knocked her to the floor onto her back, and then removed
her shorts and underwear.  The
complainant momentarily passed out, but when she came to, she felt appellant
penetrate her vagina with his penis and afterward put his mouth on her vagina.  After appellant ran away, the complainant telephoned
for emergency assistance.  She was taken
to a hospital where a nurse performed a sexual assault exam and obtained DNA buccal
swabs from the complainant’s vaginal area.

Harris County Sheriff’s Office
(“HCSO”) Sergeant M. Weinel testified that he interviewed the complainant, who
described appellant as her assailant and stated that he lived next door to
her.  Weinel obtained permission from
individuals living in the house next door to the complainant’s home to search
the house.  On his second sweep through
the house, Weinel found appellant “in a bed . . . curled up in a fetal position
against the wall [with] the comforter [] bunched up on top of him.”  Weinel arrested appellant and obtained a DNA buccal
swab from him.

Sergeant Weinel developed a photographic
lineup that included a photograph of appellant, and he showed it to the
complainant.  She identified appellant as
her assailant and stated that she recognized him because she had seen him
living next door and he wore the maroon shorts “just about every day.”

Harris
County Medical Examiner DNA Analyst Michal Pierce testified that he performed
DNA testing on the buccal swabs obtained from the complainant and appellant.  He opined that the DNA profile from the swabs
taken from the vaginal area of the complainant was “consistent with” the DNA
profile from the swabs taken from appellant.

Improper Jury Argument

In his sole point of error,
appellant argues that the trial court erred in overruling his objection “to the
State’s argument at punishment because the argument was an improper plea that
only a high sentence would satisfy community expectations.”

Proper jury
argument is limited to (1) summation of the evidence presented at trial, (2)
reasonable deductions drawn from that evidence, (3) answers to opposing counsel’s
argument, and (4) pleas for law enforcement.  Jackson
v. State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000); Swarb v. State, 125 S.W.3d 672, 685 (Tex. App.—Houston [1st Dist.] 2003, pet. dism’d).  To determine whether a party’s argument
properly falls within one of these categories, we must consider the argument in
light of the entire record.  Swarb, 125 S.W.3d at 685.

When the
State asks a jury to assess a particular punishment “because their neighbors
desire it,” it violates a defendant’s fundamental right to confront the
witnesses against him and be punished based only on testimony that has been
subject to cross-examination and rebuttal and evidence that has been presented
at trial.  Cortez v. State, 683 S.W.2d 419, 420 (Tex. Crim. App. 1984)
(holding that argument that only life imprisonment “would be any satisfaction
at all to the people of this county” was improper plea for jury to heed expectations
of community); Porter v. State, 154
Tex. Crim. 252, 254, 226 S.W.2d 435, 436 (1950) (holding that argument that
community expected jury to assess death penalty was improper).  Argument that beseeches a jury to assess “a
particular punishment because ‘the people’ desire such is improper jury
argument.”  Cortez, 683 S.W.2d at 420.  Such
an argument has the effect of asking a jury to punish a defendant upon the
outside influence of “public sentiment or desire rather than upon the evidence
that the jury had received.”  Id. at 421.  The State may, however, make a plea for law
enforcement by reminding jurors that they may be called upon by friends,
co-workers, and family to explain both the case and the verdict.  See
Bell v. State, 724 S.W.2d 780, 801 (Tex. Crim. App. 1986).  The State may also ask the jury to “be the
voice” of the community and to consider the impact of its verdict on the
community.  Cortez, 683 S.W.2d at 421; Borjan
v. State, 787 S.W.2d 53, 56 (Tex. Crim. App. 1990).

Appellant complains that an argument
made by the State during the sentencing phase of trial was an appeal for a
sentence “based on community expectations rather than a plea for [law]
enforcement” and “an improper plea that only a high sentence would satisfy
community expectations.”  In pertinent
part, the argument reads as follows:

[The State]:          .
. . you’re gonna look at what does it take to keep our community safe.  That’s a big one, ladies and gentlemen.  Keeping our community safe from people like
him is a huge one in this case.  You’re
right, you don’t know if he’ll complete his sentence and then maybe get
deported.  You don’t know.  Well, we certainly saw how easy it was for
him to get here the first time.  

 

Ladies
and gentlemen, at the end of the day, at the end of all this, you’re going to
be able to go home to your wives, see your spouse, go back to work, talk to
your co-workers.  And they’re going to
know that you had jury duty.  And they’re
going to know that you can now talk about the case.  And they’re going to want to know about it,
probably been pretty interesting compared to just regular going to work days. 

And
you’re going to get a chance to tell them what the case was about.  Oh, yeah, this guy, he snuck into this lady’s
house when she wasn’t looking, when she was busy out in the backyard and he
waited for her to come inside.  And then
he grabbed her and he raped her, pulled her into the hallway and raped her.  And then when he was done raping her, he put
his mouth down on her vagina too.  And
she was trying to beat him off, but he got the best of her.  And then he ran out and he hid in the house
next door for three hours.  

 

[Trial
Court]:        Let’s draw it to a
conclusion, please.

 

[The State]:          Ladies
and gentlemen.  You’re going to be able
to tell them all that.  And then you know
what else you’re going to say.  Oh, yeah,
and she was 72 years old.  And then you
know what, they’re going to be, like, wow, what did you do?

 

[Trial Counsel]:    Judge,
I’m going to object to this line of argument. 
Improper plea for law enforcement, improper plea for community sentiment
and I object to it.

 

[Trial
Court]:        It’s overruled.

 

[The State]:          You’re
going to tell ‘em, we took the key and we threw it away.  We decided that the best way to get this
community safe and to keep [the complainant] from ever having to worry about
anything to happen to any of her children, the best way for him to become a
distant memory in all of our minds is to lock him up and throw away the key for
life.  That’s the best way.  That is the only verdict that is appropriate
in this case.  People like him need to be
in a prison where we know where he is because we know he knows how to get her.

  

                             Go
back there, pick the first option, number one. 
If you want to give him a break, fine, don’t give him a fine.  But he deserves, he’s earned every day to
spend in prison.  Tell him he deserves
life.

 

[Trial Court]:        All
right.  Thank you. . . .

 

Appellant asserts that “the
prosecutor’s argument that the jurors’ spouses, family, and co-workers would
inquire about the details of the case and exclaim ‘wow, what did you do?’” sent
a message to the jury that the “‘community’ would be incensed and outraged by
the facts of the case” and this equates to a plea that the community “would
expect a lengthy sentence.”  

Informing the jurors that their
friends, family, and co-workers will ask them about the facts of the case and
the result reached is not improper argument because it is common knowledge that
the community will be curious about the jurors’ experience.  See
Bell, 724 S.W.2d at 801 (argument that jury should consider what friends
and neighbors would ask them not improper); Whittington
v. State, 580 S.W.2d 845, 847 (Tex. Crim. App. [Panel Op.] 1979) (common
knowledge that friends and neighbors will ask about jury experience).  Accordingly, we hold that the trial court did
not err in overruling appellant’s objection to that portion of the State’s
argument.

Appellant’s
further complaint regarding the remainder of the State’s argument, however, was
not properly preserved.  To preserve
error, a party is required to continue to object each time an objectionable
argument is made.  See Ethington v. State,
819 S.W.2d 854, 858 (Tex. Crim. App. 1991); Dickerson
v. State, 866 S.W.2d 696, 699 (Tex. App.—Houston
[1st Dist.] 1993, pet. ref’d).  After the
trial court overruled appellant’s objection, the State continued arguing that
“the best way” for the jury to protect the community was to give appellant a “life”
sentence.  Appellant did not renew his
objection, and, thus, has not preserved anything for our review.  See
Dickerson, 866 S.W.2d at 699; see
also
Tex. R. App. P. 33.1(a).  Even had
appellant preserved error, the State’s argument was not improper.  Unlike in Cortez,
the State did not tell the jury that the community would not be satisfied with
a sentence less than life.  Id. 
The prosecutor urged the jurors to “decide[] that the best way to get
this community safe” was to impose a life sentence and a life sentence was the
only “appropriate” sentence.  Accordingly,
we hold that none of the
complained of argument constituted an appeal to the jury to sentence appellant
based on the expectations of the community. 

We overrule appellant’s sole point of error.

Conclusion

          We affirm the
judgment of the trial court.

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Alcala, and Sharp.

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]
          See Tex.
Penal Code Ann. § 22.011 (Vernon Supp. 2009), § 30.02
(Vernon 2003).