

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00141-CR

_____

JAVIER CARBAJAL, Appellant

V.

The State of Texas

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1496658D

---

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Thirty-six year old Appellant Javier Carbajal took advantage of his coaching position of a club basketball team and sexually assaulted basketball player Abby,[1] who was only 15 at the time. He pleaded guilty to four counts of sexual assault of a child under the age of 17 and a jury assessed concurrent 10-year sentences for each of the four counts. Carbajal now argues that we should reverse his convictions because (1) the trial court failed to admonish Carbajal of sex-offender-registration requirements and (2) the trial court erred by overruling Carbajal's objection to the State's improper jury argument. His first argument is statutorily precluded, and although the State's improper jury argument was erroneously permitted, the error was harmless. We therefore overrule Carbajal's two issues and affirm the trial court's judgment.

**Brief Facts**

Abby reluctantly testified to her relationship with Carbajal. Carbajal began by grooming Abby. He called her "supermodel," drove her to and from practices, and texted her that "if [she] was born in another time, he would be with [her]." Shortly after Abby's 15th birthday, she and Carbajal began to have sex. Oftentimes, Carbajal would lie to Abby's mother about practice times so that he had more opportunities to have sex with Abby. The pair had at least two sexual encounters before Abby's mother became suspicious—once in the back seat of Carbajal's truck and another at

---

[1]We refer to the complainant by an alias to protect her privacy. *See McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

Carbajal's house while his own two children were home. Once Abby's mother found out about the relationship, she withdrew Abby from the basketball team and moved Abby and Abby's two younger siblings to another town and to new schools. When Abby's Mother confronted Carbajal, he promised he would stay out of Abby's life. But Carbajal lied. He quickly resumed his sexual relationship with Abby and also left his wife and moved to an apartment. Abby described at least three more sexual encounters during this time with Carbajal, including another in his truck, one in his apartment, and one in a motel. When Abby's mother eventually found out Carbajal and Abby had continued their relationship, she reported it to the police.

Carbajal was charged with four counts of sexual assault of a child under the age of 17. *See* Tex. Penal Code Ann. § 22.011(a)(2) (West Supp. 2018). He pleaded guilty and asked for a jury to assess his punishment.

## Discussion

### I. Plea admonishment

Carbajal argues that his convictions should be reversed because the trial court failed to admonish him of sex-offender-registration requirements when it accepted his guilty pleas. But in so arguing, Carbajal relies upon caselaw that has been statutorily overruled.

Article 26.13 lists the admonishments that a trial court is required to give before accepting a guilty plea and includes a requirement that a defendant convicted of a sex offense must be informed of sex-offender-registration requirements. Tex.

3

Code Crim. Proc. Ann. art. 26.13(a)(5) (West Supp. 2018). Previously, the failure to issue a sex-offender-registration admonishment was subject to nonconstitutional-error analysis and could warrant a reversal of the defendant's conviction. *Anderson v. State*, 182 S.W.3d 914, 919–921 (Tex. Crim. App. 2006). But the legislature has since amended article 26.13 to expressly provide that the failure to issue a sex-offender-registration admonishment "is not a ground for the defendant to set aside the conviction, sentence, or plea." *See* Act of June 18, 2005, 79th Leg., R.S., ch. 1008, § 1.03, 2005 Tex. Gen. Laws 3419, 3419 (codified at Tex. Code Crim. Proc. Ann. art. 26.13(h)).

Thus, even if the trial court erred by failing to warn Carbajal of sex-offender-registration requirements, such failure cannot constitute grounds for reversal. *Id.*; *see also, e.g.*, *Morin v. State*, 340 S.W.3d 816, 817–18 (Tex. App.—San Antonio 2011, pet. ref'd) (holding failure to warn of sex-offender-registration requirements cannot constitute reversible error). We therefore overrule Carbajal's first issue.

## II. Improper jury argument

Carbajal argues in his second issue that the trial court erred by overruling his objection to the State's statement during final argument that the Tarrant County community "demand[ed]" that the jury send Carbajal to prison:

> [Prosecutor]: Send him to prison because that's what he deserves. The community demands it because Tarrant County - -

[Defense counsel]: Judge, I'm going to object to that as improper. The community does not demand it in this case. They have not heard the evidence in this case. That's an improper plea for law enforcement.

[Prosecutor]: Plea for law enforcement is absolutely proper.

THE COURT: I'll allow it.

[Prosecutor]: The people of Tarrant County demand it because, in Tarrant County, we don't tolerate this kind of behavior.

To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to opposing counsel's argument; or (4) plea for law enforcement. *Freeman v.* State, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011), *cert. denied*, 565 U.S. 1161 (2012); *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993).

The trial court erred by overruling Carbajal's objection to the State's expression of what the community demanded or expected.[2] A plea to convict or assess punishment because of public clamor or perceived community expectations is not a plea for law enforcement. Indeed, the court of criminal appeals has been clear that "jury argument by a prosecuting attorney that is designed to induce the jury to convict the defendant or assess him a particular punishment because 'the people' desire such is improper jury argument." *Cortez v. State*, 683 S.W.2d 419, 420–21 (Tex. Crim. App. 1984) (collecting cases in which the court has disapproved of arguments that invoked

---

[2]On appeal, the State does not attempt to defend the prosecutor's statements as proper jury argument.

community expectations or demands). The prosecutor's statement, "The people of Tarrant County demand [a prison sentence] because, in Tarrant County, we don't tolerate this kind of behavior," is clearly violative of that precedent, and it does not fall within any of the other four generally permissible areas of argument. *See id.*

Nevertheless, we will not reverse the trial court's judgment based on the erroneously overruled objection unless the error affected the defendant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Martinez v. State*, 17 S.W.3d 677, 692–93 (Tex. Crim. App. 2000); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999). In determining whether Carbajal's substantial rights were affected, we consider (1) the severity of the misconduct (that is, the prejudicial effect of the prosecutor's remarks), (2) curative measures, and (3) the certainty of the punishment absent the misconduct. *Martinez*, 17 S.W.3d at 692–93; *Mosley*, 983 S.W.2d at 259. Because the trial court overruled Carbajal's objection, no curative measures were taken; we will therefore consider only the first and third factors.

The prosecutor's misconduct does not rise to such a level of severity as to weigh in favor of reversal. Her statement was isolated, made at the close of the State's initial closing argument, and was not repeated. Such a brief and isolated remark is generally considered harmless. *See Maxwell v. State*, No. 02-11-00038-CR, 2012 WL 2849279, at *4 (Tex. App.—Fort Worth July 12, 2012, pet. ref'd) (mem. op., not designated for publication) (commenting upon the lack of authority reversing a

6

conviction "solely for one brief, isolated remark"). Carbajal's counsel countered the State's assertion of the community's demands by pointing out in his closing argument that the community had not heard any of the evidence in the case. And when the State returned for its rebuttal argument, it urged the jurors, "Be proud of your verdicts, ladies and gentlemen. Be proud of it. Do you want the paper to say Tarrant County jury probates basketball coach who slept with player, or do you want it to say Tarrant County jury sent that man to prison?" This is a proper plea for law enforcement. *See Cortez*, 683 S.W.2d at 421 (explaining that is not improper to urge the jury to be the voice of the community, but is improper to ask the jury to lend its ear to the community).

Nor can we say that the prosecutor's improper argument undermined the certainty of the punishment issued, four 10-year sentences for sexual assault of a minor. Carbajal faced a maximum sentence of 20 years' confinement for each charge. Tex. Penal Code Ann. § 12.33 (West 2011). A sentence of 10 years or more made him ineligible for community supervision. Tex. Code Crim. Proc. Ann. art. 42A.053(c)(1) (West 2018). We can reasonably conclude based on the jury's verdict that the jury did not believe that Carbajal was a suitable candidate for community supervision, and the evidence supports this conclusion despite the State's impermissible invocation of the community's demand for a prison sentence.

Carbajal, a basketball coach of high-school-aged girls, preyed upon one of his players, groomed her, and had sex with her repeatedly, even at his house with his own

7

children at home. He lied to Abby's mother—who as a working mother could not attend every single basketball practice and had trusted Carbajal to assist Abby as a basketball player—in order to have more time to have sex with Abby. After it appeared that he would elude prosecution for his crimes the first time Abby's mother discovered his relationship with her daughter, Carbajal broke his promise to Abby's mother when he lied by assuring her that he would end his relationship with Abby. Carbajal's predatory behavior, his lies, and his deception affected Abby's entire family—Abby's mother testified that her family would "never be the same again ever. No matter what happens today, could not change."

Considering the evidence and arguments as a whole, we cannot say that the trial court's error affected Carbajal's substantial rights. We therefore overrule his second issue.

## Conclusion

Having overruled Carbajal's two issues, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 10, 2019