**Opinion filed February 21, 2025**



## In The

# Eleventh Court of Appeals

_____

## No. 11-23-00206-CR

_____

## AUSTIN MICHAEL JORJORIAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 18173**

## M E M O R A N D U M   O P I N I O N

A jury found Appellant, Austin Michael Jorjorian, guilty of possession of a deadly weapon in a penal institution, a third-degree felony. *See* TEX. PENAL CODE ANN. § 46.10(a)(1), (d) (West 2011). In a single issue, Appellant argues that, although he did not raise an objection at trial, "the State committed reversible error" by making improper jury arguments that amounted to constitutional error or, "at a

minimum," otherwise affected his substantial rights. *See* TEX. R. APP. P. 44.2(a), (b). We affirm.

*Factual and Procedural History*

A grand jury indicted Appellant for "intentionally, knowingly, and recklessly carry[ing] on or about his person a deadly weapon, namely a homemade knife or shank" while confined in the Palo Pinto County Jail. The matter proceeded to a jury trial, where a jury found Appellant guilty of the offense and assessed his punishment at eight years' confinement and a $2,000 fine. The trial court sentenced Appellant accordingly.

During its rebuttal closing argument, the State made the following statements:

> Like I told you yesterday, we don't check our common sense at the door. You use your common sense to find that there is no reasonable doubt here.
>
> Again, over and over and over, he created these weapons. He knew exactly what he was doing. Intentionally and knowingly, he knew what he was doing. He was even hiding them in pockets he was sewing in his underwear.
>
> As Ms. Burnett said, if it wasn't bad, why would you be hiding these things? Hiding it in your cell up above, hiding it under the mat in another instance, hiding it in underwear. He knew exactly what he was doing. But, again, the law doesn't require you to use those. That is a separate charge. That's an aggravated assault.
>
> And I just want to end with thank goodness, it didn't get to that point. Thank goodness he didn't use it. That's why we're here now. That's why all the jailers and officers are here to say, [Appellant], you can't do this. This is against the law. This is a violation.
>
> His personal responsibility, his personal choices is what did this. You don't have to speculate what he did. It was clear from the video. It's clear from these pictures. It was his choice.
>
> And now we're all asking you to stand up and say: You're not going to do this. This is dangerous. Somebody could seriously get hurt.

Appellant did not object.  On appeal, Appellant contends that the State's "comments amounted to indirect comments, during closing jury argument, on Appellant's choice not to testify at trial" and "improperly appealed to the jury to convict on the grounds that it was the jury's responsibility to ensure community safety expectations, and safety expectations of Palo Pinto jail staff."

*Applicable Law* and *Standard of Review*

Permissible jury argument generally falls into one of four categories: (1) summation of the evidence; (2) reasonable deduction of the evidence; (3) answer to opposing counsel's argument; and (4) a plea for law enforcement.  *Davis v. State*, 329 S.W.3d 798, 821 (Tex. Crim. App. 2010) (citing *Cannady v. State*, 11 S.W.3d 205, 213 (Tex. Crim. App. 2000)).  Counsel is also entitled to argue the law correctly, even when it is not included in the jury charge.  *Molina v. State*, 587 S.W.3d 100, 109 (Tex. App.—Houston [1st Dist.] 2019), *aff'd*, 632 S.W.3d 539 (Tex. Crim. App. 2021).  "We examine rulings on alleged improper argument in light of the facts adduced at trial and in the context of the entire argument."  *Herrera v. State*, 676 S.W.3d 896, 906 (Tex. App.—Eastland 2023, no pet.).  "Even if an argument is improper, reversal is only necessary if the statements deprived Appellant of a fair and impartial trial."  *Id.*

"A prosecutorial argument is improper if it induces the jury to reach a particular verdict based upon the demands, desires, or expectations of the community."  *Harris v. State*, 122 S.W.3d 871, 888 (Tex. App.—Fort Worth 2003, pet. ref'd) (citing *Cortez v. State*, 683 S.W.2d 419, 421 (Tex. Crim. App. 1984)).  Merely referencing the community does not constitute an improper appeal to community expectations.  *Id.* (citing *Rodriguez v. State*, 90 S.W.3d 340, 365 (Tex. App.—El Paso 2001, pet. ref'd)).  For example, a prosecutor urging the jury to be the voice of the community or send a message falls within the proper argument of

3

making a plea for law enforcement. *Id.* (citing *Goocher v. State*, 633 S.W.2d 860, 864 (Tex. Crim. App. 1982)).

"[T]he failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." TEX. CODE CRIM. PROC. ANN. art. 38.08 (West 2023). Moreover, such a comment by the State in closing argument violates both the state and federal constitutions. *Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011) (first citing U.S. CONST. amend. V; then citing *Griffin v. California*, 380 U.S. 609, 615 (1965); and then citing TEX. CONST. art. I, § 10). "When addressing a complaint of improper comments on a defendant's failure to testify in his own behalf, we review the language from the standpoint of the jury." *Rodriguez v. State*, 446 S.W.3d 520, 536 (Tex. App.—San Antonio 2014, no pet.) (quoting *Staley v. State*, 887 S.W.2d 885, 895 (Tex. Crim. App. 1994)). "It is not sufficient that the language *might* be construed as an implied or indirect allusion to the defendant's failure to testify." *Id.* at 536–37 (quoting *Madden v. State*, 799 S.W.2d 683, 699 (Tex. Crim. App. 1990)). "A mere indirect or implied allusion to the accused's failure to testify does not violate appellant's rights." *Id.* at 537 (quoting *Patrick v. State*, 906 S.W.2d 481, 490–91 (Tex. Crim. App. 1995)).

However, "[a] claim that a prosecutor's closing argument exceeded the bounds of proper jury argument is subject to procedural default." *Hall v. State*, 663 S.W.3d 15, 38 (Tex. Crim. App. 2021) (citing *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996)). "So is a claim that a prosecutor's closing argument violated the Eighth and Fourteenth Amendments." *Id.* As such, errors in closing argument require a specific and timely objection. *Id.*; *Cockrell*, 933 S.W.2d at 89; *Herrera*, 676 S.W.3d at 906. Failure to object to an allegedly improper closing argument presents nothing for an appellate court to review. *Herrera*, 676 S.W.3d at 906.

*The State's Comments Did Not Constitute Improper Argument*

Appellant sweepingly alleges that the State's remarks during its closing argument constituted indirect comments on Appellant's right not to testify under the Fifth Amendment of the United States Constitution, Article 1, Section 10 of the Texas constitution, and Article 38.08 of the Texas Code of Criminal Procedure; he further alleges that the remarks "deprived Appellant of his due process rights under the Fourteenth Amendment by infecting the trial with unfairness." *See* U.S. CONST. amend. V, XIV; TEX. CONST. art. I, § 10; CRIM. PROC. art. 38.08. Appellant makes no detailed application of those constitutional provisions or Article 38.08, nor does he legally analyze *how* they were offended in this case. Importantly, Appellant did not object at trial to the jury argument of which he now complains, and he therefore failed to preserve anything for our review. *See Herrera*, 676 S.W.3d at 906.

Nevertheless, we have reviewed the record and conclude that, even if Appellant's current complaints were preserved for our review, without finding same, the complained-of arguments were not improper. Appellant complains that the State's "remarks regarding aggravated assault called to the jury's attention an absence of evidence that could only be supplied by the testimony of Appellant as to his *mens rea* and likelihood of committing aggravated assault on someone in the jail," which was "an issue not in the indictment, not put into evidence, and not relevant to the jury's conviction on possession of a deadly weapon in this case." We disagree with Appellant's characterization that the State's remarks regarding aggravated assault, that "the law doesn't require [a person] to use [the weapon]. That is a separate charge. That's an aggravated assault," somehow implicates Appellant's decision not to testify. *See Rodriguez*, 446 S.W.3d at 536 (directing us to review the alleged improper comments from the standpoint of the jury). Rather, the State's comments correctly stated the law: that the State was not required to show that

Appellant assaulted anyone with the deadly weapon by actually *using* the knife or shank. *See Molina*, 587 S.W.3d at 109. Moreover, Appellant's own closing argument included the following statement: "[Appellant] didn't threaten anybody. He didn't threaten any jailers. He didn't threaten any inmates. He didn't come after anybody. Nobody." Appellant's reference to threats or "[going] after" someone else, or the lack thereof, related back to his questions on cross-examination on the same issue. In response, the State correctly stated the law: that the jury did not need to find that Appellant used the weapon for the jury to find him guilty of the charged offense. *See Davis*, 329 S.W.3d at 821 (permitting the State to respond to Appellant's arguments in closing); *see also* PENAL §§ 22.02(a) (West Supp. 2024) (aggravated assault), 46.10(a)(1). Moreover, Appellant's argument is that the State's remarks constituted an *indirect* comment on his choice not to testify, which would not violate his constitutional rights unless "the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Archie v. State*, 340 S.W.3d 734, 738 (Tex. Crim. App. 2011) (quoting *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007)); *Randolph*, 353 S.W.3d at 891; *see Rodriguez*, 446 S.W.3d at 536–37 (citing *Madden*, 799 S.W.2d at 699). The language used by the State was not "of such a character that the jury would necessarily" construe it as a comment on Appellant's failure to testify.

Appellant next complains that the State made an improper plea to the jury "to convict on the grounds that it was the jury's responsibility to ensure community safety" when it stated: "And now we're all asking you to stand up and say: You're not going to do this. This is dangerous. Somebody could seriously get hurt." Again, we disagree with Appellant's characterization of the State's comments. The State's argument did not "induce the jury to reach a particular verdict based upon the demands, desires, or expectations of the community." *See Harris*, 122 S.W.3d at

888.  If anything, the State asked the jury to be the *voice* of the community and send a message—an argument that falls within the permissible plea for law enforcement. *See id.*

Because the State's remarks did not constitute an improper comment on Appellant's decision not to testify, nor did its remarks "induce the jury to reach a particular verdict based upon the demands, desires, or expectations of the community," we cannot conclude that the State violated the constitutional provisions or statute relied upon by Appellant or that "reversible error" occurred. *See Rodriguez*, 446 S.W.3d at 536–37; *Harris*, 122 S.W.3d at 888.  Accordingly, Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

February 21, 2025

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.