# Court of Appeals
## Tenth Appellate District of Texas

10-24-00258-CR
10-24-00259-CR
10-24-00260-CR

Michael Phillip Trujillo,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
County Court at Law No. 2 of Ellis County, Texas
Judge A. Gene Calvert, Jr., presiding
Trial Court Cause Nos. 2312384, 2312385, 2312386

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Michael Phillip Trujillo appeals his convictions for interfering with public duties, evading arrest, and resisting arrest. After a jury found him guilty, he was sentenced in each case to 100 days in county jail. Imposition of the sentences was suspended, and he was placed on community supervision for twelve months. In three issues, Trujillo asserts his convictions violate the

Double Jeopardy Clause of the United States Constitution, the State engaged in improper jury argument, and the trial court erroneously assessed costs. We affirm the trial court's judgments.

## BACKGROUND

Officer Jacorey Jefferson of the Waxahachie Police Department approached the driver's side of a vehicle parked at a motel at 2:00 a.m. The driver and two passengers, one of which was Trujillo, got out of the car. Officer Jefferson was talking to the driver, whom he intended to detain, when Trujillo attempted to step between them, shouting at the officer. Then, Officer Jefferson decided to arrest Trujillo and attempted to place handcuffs on him. Trujillo pulled his arms away, struggled with Officer Jefferson and another officer, and tried to run away, while continuing to talk. He said they would have to hurt him, and told them to leave him alone, and that he was not doing anything. He was arrested and charged with interfering with public duties, evading arrest, and resisting arrest, all arising from the same episode.

After a jury trial, he was found guilty of all three charges and, in each case, sentenced to 100 days in jail, each sentence suspended. He was placed on community supervision for twelve months.

## DOUBLE JEOPARDY

In his first issue, Trujillo asserts his conviction for resisting arrest violates the Double Jeopardy Clause of the United States Constitution by imposing multiple punishments for interference with public duties. He argues that both offenses arose out of the same event, and the State used the same evidence to prove both offenses. Because proof of resisting arrest necessarily entails proof of interfering with public duties, he asserts, this Court should enter a judgment of acquittal for the charge of interference with public duties.

**Applicable Law**

The Double Jeopardy Clause of the United States Constitution provides, in part, that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. There are three distinct types of double jeopardy claims: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense. *Ex parte Milner*, 394 S.W.3d 502, 506 (Tex. Crim. App. 2013). A multiple punishments claim can arise in two contexts:

1) The lesser-included offense context, in which the same conduct is punished twice; once for the basic conduct, and a second time for that same conduct plus more; and
2) Punishing the same criminal act twice under two distinct statutes when the legislature intended the conduct to be punished only once.

*Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006).

The same elements test first articulated by the United States Supreme Court in *Blockburger v. United States* is used to determine if two convictions constitute multiple punishment under the Double Jeopardy Clause. *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Langs*, 183 S.W.3d at 685. The established rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. *Blockburger*, 284 U.S. at 304.

However, the *Blockburger* test cannot negate a clearly expressed legislative intent to impose multiple punishments. *See Missouri v. Hunter*, 459 U.S. 359, 366-68 (1983); *Ervin v. State*, 991 S.W.2d 804, 807 (Tex. Crim. App. 1999). Some considerations relevant to determining whether the Legislature intended multiple punishments are: whether the offenses are contained within the same statutory section, whether the offenses are phrased in the alternative, whether the offenses are named similarly, whether the offenses have common punishment ranges, whether the offenses have a common focus or "gravamen," and whether that common focus tends to indicate a single instance of conduct, whether the elements that differ between the offenses can be considered the "same" under an imputed theory of liability which would

result in the offenses being considered the same under *Blockburger*, and whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double jeopardy purposes. *Ervin*, 991 S.W.2d at 814. Double jeopardy does not apply if separate and distinct offenses occur during the same transaction. *Phillips v. State*, 787 S.W.2d 391, 394 (Tex. Crim. App. 1990).

**Analysis**

Trujillo was charged in separate informations, each alleging a separate and distinct offense that took place on or about July 26, 2023. The resisting arrest offense, as alleged in the information, required proof that Trujillo intentionally prevented or obstructed Officer Jefferson, a person Trujillo knew to be a peace officer, from effecting Trujillo's arrest, by using force against the peace officer. *See* TEX. PENAL CODE ANN. § 38.03(a). The interfering with public duties offense required proof that Trujillo, with criminal negligence, interrupted, disrupted, impeded, or interfered with Officer Jefferson while he was performing a duty or exercising authority imposed or granted by law, namely investigating a suspect, by inserting himself physically between Officer Jefferson and the suspect. *See id.* at 38.15(a)(1).

Based on the allegations in each case, the offenses required proof of different facts. To prove resisting arrest, the State had to prove Trujillo

intentionally prevented or obstructed the officer from arresting Trujillo by using force against the officer. To prove interference with public duties, the State had to prove Trujillo inserted himself physically between Officer Jefferson and the suspect, interrupting, disrupting, impeding, or interfering with the officer's investigation. The two offenses are not the same offenses under the *Blockburger* test. *See Blockburger*, 284 U.S. at 304.

Next, we analyze whether other factors nevertheless require us to hold that the offenses are the same for double jeopardy purposes. Resisting arrest, search, or transportation and interference with public duties are both in the "Obstructing Governmental Operation" chapter under the "Offenses Against Public Administration" title of the Texas Penal Code. *See* TEX. PENAL CODE ANN. §§ 38.03, 38.15. The offenses are not phrased in the alternative and not similarly named. Resisting arrest, a Class A misdemeanor, is punishable by a fine not to exceed $4,000 and confinement in jail for a term not to exceed one year. *Id*. §§ 12.21, 38.03(c). While interference with public duties is a Class B misdemeanor, punishable by a fine not to exceed $2,000 and confinement in jail for a term not to exceed 180 days. *Id*. §§ 12.22, 38.15(b). The focus, or gravamen, of the offense of resisting arrest is the use of force to prevent an arrest of oneself. *See id*. § 38.03. In contrast, the gravamen of the offense of

interference with public duties is the defendant's interference with the performance of an officer's duties. *See id.* § 38.15.

Section 38.15, creating the offense of interference with public duties, was enacted in 1989. *See* Act of May 27, 1989, 71st Leg., R.S., ch. 1162, § 1, 1989 Tex. Gen. Laws 4780 (amended 1993, 1997, 2005, 2007, 2015) (current version at TEX. PENAL CODE ANN. § 38.15). In the bill analysis, supporters noted that police, fire fighters, and paramedics often encounter third parties who interfere with their work in ways that endanger them or the public. Opponents argued that the bill was unnecessary because other statutes, including Section 38.03, cover all possible interference that peace officers might encounter. *See* HB 507, House Research Organization Bill Analysis, April 17, 1989. This infers that the legislature discussed the difference between the new offense of interference with public duties and other criminal offenses. Passage of the new statute shows legislative intent to treat it as different from the other criminal offenses for double jeopardy purposes.

After consideration of the *Ervin* factors, we conclude there was a legislative intent to impose multiple punishments. *See Ervin*, 991 S.W.2d at 814. Trujillo was not punished twice for the same offense. Accordingly, Trujillo's convictions for interference with public duties and resisting arrest do

not violate the Double Jeopardy Clause. *See id.* We overrule Trujillo's first issue.

## JURY ARGUMENT

In his second issue, Trujillo asserts the State, during its closing argument, made an improper demand for a particular sentence at punishment. Specifically, Trujillo complains of the following argument by the State: "I'm going to ask that your sentence for each of these cases be 100 days." Trujillo contends the prosecutor, in effect, told the jurors that based on the facts of these cases and his special expertise, "he knew the average time served which thereby took from the jurors their right to consider the full range of punishment."

To preserve error regarding improper jury argument for appellate review, a defendant must object and pursue his objection to an adverse ruling. *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Trujillo did not object to the State's jury argument. Therefore, the complaint is waived. *See* TEX. R. APP. P. 33.1(a); *Cockrell*, 933 S.W.2d at 89. While acknowledging his failure to preserve error, Trujillo asks this Court to view the State's argument as fundamental error and dispense with the preservation requirement. He cites to a case that held that closing argument by the prosecuting attorney asking the jury to convict or punish the defendant upon

public sentiment or desire rather than upon the evidence the jury received is improper. *See Cortez v. State*, 683 S.W.2d 419, 421 (Tex. Crim. App. 1984). The defendant in *Cortez* objected to the prosecution's jury argument. Therefore, the question of preservation of error of jury argument complaints was not before the Court of Criminal Appeals in *Cortez*. *See id*. at 420-21.

Error related to jury argument is not "fundamental." Rather, it is forfeitable by a failure to object. *See Cockrell*, 933 S.W.2d at 95 (Maloney, J., concurring). We overrule Trujillo's second issue.

### ASSESSMENT OF COSTS

In his third issue, Trujillo contends the trial court erred in assessing costs in two of his cases. He asserts that because he was convicted of three offenses in a single criminal action, the court may assess each court cost only once. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a). Further, he argues, the cost of $295 assessed in the evading arrest case should remain, while costs in the other two cases should be vacated. *See id*. art. 102.073(b).

The trial court announced the amounts assessed as costs in each case in open court. After a discussion of possible conditions of community supervision, the trial court commented: "So you will have the court costs balance in each case." The court explained that each eight hours of additional community service could earn $100 credit toward the balance of Trujillo's costs. Further,

the court explained the required payment plan.  At no point in the proceedings did Trujillo object to the assessment of costs.

Because Trujillo did not object to the assessment of costs when they were announced in open court, he waived this complaint.  *See* TEX. R. APP. P. 33.1(a); *see also London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016) (Held that an appellant may generally challenge the imposition of even mandatory court costs for the first time on direct appeal when those costs are not imposed in open court and the judgment does not contain an itemization of the imposed court costs.).  We overrule Trujillo's third issue.

## CONCLUSION

Having overruled each of Trujillo's issues, we affirm the trial court's judgments in each case.

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  August 14, 2025

Before Chief Justice Johnson,
  Justice Smith, and
  Justice Harris
Affirmed
Do Not Publish
CR25

