Henry MATA, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 04–96–00599–CR.**

Court of Appeals of Texas,
San Antonio.

July 9, 1997.

Rehearing Overruled Aug. 4, 1997.

Michael C. Gross, San Antonio, for appellant.

Brenda Levenstein, Assistant Criminal District Attorney, San Antonio, for appellee.

Before RICKHOFF, LOPEZ and ANGELINI, JJ.

RICKHOFF, Justice.

A jury found the appellant, Henry Mata, guilty of aggravated sexual assault and sentenced him to eight years confinement. In three points of error, Mata complains about the sufficiency of the evidence to support his conviction and contends the State's jury argument during the punishment phase deprived him of due process. Because we find no reversible error, we affirm the trial court's judgment.

### Summary of Facts

Henry Mata was tried with Carlos Caldera and Robert Salazar. At their trial, the complainant testified that she met them at a graduation party and agreed to take them and four male friends to a local convenience store to buy beer. Finding the store closed, the group traveled to a gas station, which was also closed; a bar, where the complainant used the bathroom and the men bought beer; and finally to an apartment, where they planned to pick up "some weed." The complainant and Caldera went to a bedroom where they kissed heavily. When Caldera removed the complainant's blouse, she asked him to stop. Caldera then left the bedroom to use the bathroom, and the complainant dressed.

The complainant testified that while Caldera was in the bathroom, Mata and Salazar sat next to her on the sofa in the bedroom and began touching her. When she asked them to stop, Salazar threw her on the bed and pressed his arm against her neck while Mata removed her shorts and underwear. Someone removed the complainant's blouse, tore her bra, and put a washcloth in her mouth that she first thought was drenched with turpentine but later realized was only beer. The complainant said the seven men held her down and intermittently covered her eyes as they took turns repeatedly vaginally and anally raping her. While the complainant could not identify those who had anally penetrated her, she positively identified Caldera, Mata, and Salazar as members of the group who vaginally raped her. Although the complainant admitted that no one threatened her in the bedroom, she said she was later blindfolded while her attackers dis-

cussed "popping" her in the heart. She also said she was afraid she would be killed, but Caldera, Mata, and Salazar returned her to a friend's house.

Caldera testified that he had consensual sex with the complainant before going to the bathroom. When he left the bathroom, he saw Salazar pacing the living room and acting nervous. Salazar told him not to return to the bedroom because Frank, a member of the group, had threatened to kill Caldera if he tried to stop them. Caldera said he assumed that the complainant was being raped but was too frightened to intervene.

Mata testified that a man named Roy was the first to rape the complainant. Mata admitted that he had vaginal sex with the complainant twice without her consent and that he held her down while others took turns raping her. He said that neither Caldera nor Salazar were present during the rape. He also said that no one spoke to the complainant, threatened her, or put a rag in her mouth.

The State's expert witness testified that the complainant's physical injuries were consistent with forceful penetration of her vagina and anus. In addition, DNA evidence revealed that at least three individuals had intercourse with her and that Caldera and Mata were potential semen donors. The DNA evidence did not identify Salazar nor did he testify in his own defense.

### Sufficiency of the Evidence

In two points of error, Mata challenges the sufficiency of the evidence to support his conviction for *aggravated* sexual assault. Mata admits raping the complainant, *see* Tex. Penal Code Ann. § 22.021(a)(1)(A)(i) (Vernon Supp.1997), but he asserts there is no evidence, or factually insufficient evidence, to support the jury's finding that he or anyone else intentionally or knowingly threatened her with death or serious bodily injury by acts or words occurring in her presence. *See* Tex. Penal Code Ann. § 22.021(a)(2)(A)(iii) (Vernon Supp.1997). In addition to aggra-

vated sexual assault, the jury was charged on the law of parties.[1] *See* Tex. Penal Code Ann. § 7.02(a) (Vernon 1994).

▆▆▆ We first determine the legal sufficiency of the evidence by reviewing the evidence in the light most favorable to the prosecution and by deciding whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Clewis v. State,* 922 S.W.2d 126, 132–33 (Tex.Crim.App.1996). In determining the factual sufficiency of the evidence, we review all the evidence impartially and set aside the verdict "only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis,* 922 S.W.2d at 129. We also note that the jury may consider the complainant's injuries and the defendant's objective conduct when evaluating the aggravating nature of a sexual assault. *Dalton v. State,* 898 S.W.2d 424, 429 (Tex.App.—Fort Worth 1995, pet. ref'd); *Richardson v. State,* 753 S.W.2d 759, 765 (Tex.App.—Dallas 1988, no pet.). It is not necessary that a threat be communicated verbally, nor is it necessary to show that the defendant could have inflicted serious bodily injury but did not. *Dalton,* 898 S.W.2d at 429.

▆▆▆ During cross-examination, the complainant denied that any weapons were displayed in her presence and when asked whether "anyone threatened to do anything to you," she responded, "Not in the bedroom." From this statement, Mata concludes that the complainant was not threatened. We disagree. Viewed in the light most favorable to the prosecution, the jury reasonably could have found that the complainant was not *verbally* threatened. When the jury considered the complainant's physical injuries and her testimony that she was forcibly restrained by seven assailants and gagged with a washcloth, it reasonably could have concluded that the complainant was threatened with death or serious bodily inju-

---

1. The indictment also charged Mata with aggravated sexual assault under Tex. Penal Code Ann. § 22.021(a)(A)(ii) (Vernon Supp.1997), regarding acts or words that place the victim in fear, but the trial court granted a directed verdict as to that paragraph because the indictment failed to add the word "injury" to the words "serious bodily."

ry. *See Dalton*, 898 S.W.2d at 430 (use of force constituted threat); *Ortiz v. State*, 804 S.W.2d 177, 178–79 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd) (same); *see also Tompkins v. State*, 774 S.W.2d 195, 211 (Tex. Crim.App.1987) (gag caused death). Thus, we find the evidence legally sufficient to support Mata's conviction for aggravated sexual assault.[2] When reviewing all the evidence impartially, we also find the evidence factually sufficient to support Mata's conviction for aggravated sexual assault. Accordingly, we overrule Mata's first and second points of error.

### Jury Argument

■ In his third and final point of error, Mata maintains that he was denied due process during the punishment phase of trial because the State asked the jury to consider public sentiment rather than the evidence when assessing punishment. Proper jury argument falls into four categories: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) response to opposing counsel's argument, and (4) plea for law enforcement. *Long v. State*, 823 S.W.2d 259, 267 (Tex.Crim.App.1991). Jury argument is improper when it refers to the community's expectations for a particular result. *Cortez v. State*, 683 S.W.2d 419, 420–21 (Tex.Crim. App.1984).

■ During rebuttal argument, the prosecutor remarked:

So they say consider probation. Ladies and gentlemen, probation, and *I think we heard during jury selection how our community speaks*, probation is set up for people that steal cars—

At this point, Mata objected; the trial court sustained the objection and gave an instruction to disregard but denied Mata's motion for mistrial. The prosecutor then argued extensively against assessing probation and concluded:

So I ask you, this is a hard decision that you have to make, but I will tell you on behalf of the State of Texas, an aggravated sexual assault such as this, *probation is not what this community and what the State would want.*

Again, Mata's objection was sustained, an instruction given, but his motion for mistrial denied.

Mata contends that the prosecutor's comments constitute reversible error. We agree the italicized statements were improper because the State asked the jury "to lend an ear to the community rather than a voice." *See Prado v. State*, 626 S.W.2d 775, 776 (Tex.Crim.App. [Panel Op.] 1982); *see also Cortez*, 683 S.W.2d at 421 (collecting similar examples). Before finding reversible error, though, we must decide whether the court's reaction was erroneous. *Moreno v. State*, 821 S.W.2d 344, 353 (Tex.App.—Waco 1991, pet. ref'd). Here, the trial court sustained Mata's objections and instructed the jury to disregard the statements.

The Court of Criminal Appeals has held that reference to community demands cannot be cured by an instruction to disregard. *Bothwell v. State*, 500 S.W.2d 128, 130 (Tex. Crim.App.1973). In later dicta, however, the Court "resolve[d] the question of whether reversal is called for [when prosecutors argue community expectations] on the probable effect it has on the minds of jurors." *Curtis v. State*, 640 S.W.2d 615, 618 n. 4 (Tex.Crim. App.1982) (holding that any error in the prosecutor's argument was waived but finding it nonetheless harmless). This dicta comports with the general canon that an instruction to disregard cures improper jury argument unless, in light of the record as a whole, it was extreme or manifestly improper, violative of a mandatory statute, or injected new facts harmful to the accused. *See Cooks v. State*, 844 S.W.2d 697, 727 (Tex. Crim.App.1992). We therefore conclude that *Curtis* overruled *Bothwell*, albeit *sub silen-*

---

2. We find Mata's reliance on *Stephens v. State*, 717 S.W.2d 338 (Tex.Crim.App.1986), to be misplaced. In that case, no one, including the assault victim, placed the defendant at the scene where threats were made. *Id.* at 340–41. Here, the complainant identified Mata as one of the principal participators in the assault. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon Supp. 1997) (providing that victim's uncorroborated testimony will support conviction for aggravated sexual assault).

tio.[3] *See White v. State*, 699 S.W.2d 607, 612–13 (Tex.App.—Dallas 1985, pet. ref'd) (reaching the same conclusion); *see also Green v. State*, 876 S.W.2d 226, 229 (Tex. App.—Beaumont 1994, no pet.) (observing that "what may have been considered mandatory ... has given way to 'harmless error' tests on some occasions, and to curative trial court instructions on others").

The prosecutor's remarks in this case, when taken in context, are not extreme or so inflammatory that its prejudicial effects could not be cured. While Mata's parents testified that Mata had never been in trouble before, he admitted that he sexually assaulted the complainant and that he helped others to do the same. Although the jury could have assessed ninety-nine years confinement, it assessed only eight. We hold that the instruction to disregard cured the error of the prosecutor's remark. *See White*, 699 S.W.2d at 613. Accordingly, we overrule Mata's third point of error.

## Conclusion

Having overruled Mata's points of error, we affirm the trial court's judgment.

---

**3.** In *Harris v. State*, 784 S.W.2d 5, 12 (Tex.Crim. App.1989), the Court of Criminal Appeals cited *Bothwell* without mentioning *Curtis*. We do not find this silence instructive. Because the jury argument in *Harris* was proper, it was unnecessary to decide whether the trial court's reaction was erroneous. *See Harris*, 784 S.W.2d at 13.

Additionally, the Court twice distinguished overruling an objection, where no instruction is given, and sustaining an objection, where a curative instruction may be given. *See Harris*, 784 S.W.2d at 12–13 (discussing *Cortez*, 683 S.W.2d at 419–21).