COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-200-CR

 

 

JUAN JOSE SALDIERNA                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Juan Jose Saldierna
appeals his conviction for murder and sentence of thirty-five years in prison.  We affirm.








On the evening of May 15,
2005, several gang members in an older model blue pickup truck committed a
drive-by shooting of a residence in Arlington. 
No one was injured, but bullets hit the house=s garage and a vehicle in the driveway. 

Three brothers who lived at
the house, including appellant, immediately began to pursue the pickup truck.[2]  Appellant drove a black Honda Civic, and his
two younger brothers drove an older model, Aprimered@ blue or
gray Pontiac LeMans.  At some point
during the pursuit, appellant fired at least seven shots at the pickup truck,
killing one of its passengers, Walter Rodriguez. 

Following a five-day trial, a
jury convicted appellant of murder, answered Ano@ to his
special issue on sudden passion, and sentenced him to thirty-five years in
prison. 








In his first issue, appellant
complains that the trial court improperly denied his request for an instruction
on the lesser included offense of Adeadly conduct@ under
section 22.05(b)(1) of the Texas Penal Code.[3]  A person commits the offense of deadly
conduct if he Aknowingly
discharges a firearm at or in the direction of . . . one or more individuals.@[4]  

        We use a two-step analysis, developed by
the Texas Court of Criminal Appeals in Royster v. State, to determine
whether appellant was entitled to a lesser included offense instruction.[5]  An offense is a lesser included offense if it
is established by proof of the same or less than all the facts required to
establish the commission of the offense charged, or if it differs from the
offense charged only in that a less culpable mental state suffices to establish
its commission.[6]  This inquiry is a question of law that is
performed by comparing the elements of the offense as alleged in the indictment
with the elements of the potential lesser included offense.[7]









In addition, some evidence must exist in the record that would permit
a jury rationally to find that if appellant is guilty, he is guilty only of the
lesser offense.[8]  The evidence must be evaluated in the context
of the entire record.[9]  The court may not consider whether the
evidence is credible, controverted, or in conflict with other evidence, and
anything more than a scintilla of evidence entitles a defendant to a lesser
charge.[10]  In other words, the evidence must establish
the lesser included offense as Aa valid, rational alternative@ to
the charged offense.[11]

 













Applying the Royster
analysis to the facts of this case, appellant was not entitled to the
submission of a lesser included offense instruction on deadly conduct.  To prove murder as alleged in the indictment,
the State was required to show that appellant caused the death of Rodriguez by
shooting a firearm at Rodriguez with the intent to kill him or cause him
serious bodily injury.[12]  To prove deadly conduct, the State would have
only been required to show that appellant knowingly shot a firearm at or in
Rodriguez=s direction.[13]
Thus, to prove the greater offense of murder, the State was required to prove
the elements of deadly conduct Aplus something more.@[14]  But, appellant was not
entitled to the submission of a lesser included offense instruction on deadly
conduct because there is no evidence that would permit a jury rationally to
find that appellant was guilty only of deadly conduct.  Appellant contends that the jury could have
found that he only intended to scare the persons in the truck and not to cause
serious bodily injury to Rodriguez or his death based on three facts: (1)
although he Afired at
least six shots . . . only one bullet found a human target@; (2) he was firing from inside a vehicle; and (3) no one was injured
at appellant=s residence,
thus appellant might not have meant to injure anyone either.  Viewing this evidence in the context of the
entire record, however, we do not believe that it could lead a jury rationally
to believe that appellant was guilty only of deadly conduct.[15]  Significantly, appellant pointed a loaded SKS
assault rifle at a pickup truck filled with people and fired several
times.  At least six bullets hit the
truck, which was carrying passengers in its cab and bed, and witnesses
testified to hearing a total of up to twelve shots at two different locations.[16]  The fact that only one of the many bullets
fired by appellant from inside the moving vehicle struck and killed only one
person in the truck is not evidence on which a rational jury could rely to find
appellant guilty only of deadly conduct. 
Because there is no evidence to establish deadly conduct as a valid,
rational alternative to murder, the trial court did not err in refusing to
submit deadly conduct to the jury as a lesser included offense.  We, therefore, overrule appellant=s first issue.  

In his second issue,
appellant contends that the jury=s failure to find sudden passion pursuant to Texas Penal Code section
19.02(d) was so against the great weight and preponderance of the evidence as
to be manifestly unjust.








During the punishment phase
of a murder trial, a defendant may raise the issue of whether he caused a
person=s death under the immediate influence of sudden passion arising from
an adequate cause.[17]  ASudden passion@ means
passion directly caused by and arising out of a provocation by the individual
killed or another acting with the person killed which arises at the time of the
offense and is not solely the result of former provocation.[18]  AAdequate cause@ means cause
that would commonly produce a degree of anger, rage, resentment, or terror in a
person of ordinary temper, sufficient to render the mind incapable of cool
reflection.[19]  If the defendant proves sudden passion by a
preponderance of the evidence, the offense is punished as a second degree
felony.[20]  The mere fact that an individual acts in
response to provocation, however, is not even sufficient to warrant a sudden
passion charge.[21]









In reviewing this issue, we
consider all the relevant evidence to determine whether the negative finding is
so against the great weight and preponderance of the evidence as to be clearly
wrong or manifestly unjust.[22]  Our evaluation should not substantially intrude
upon the fact-finder=s role as
the sole judge of the weight and credibility of witness testimony, and we may
not substitute our judgment for that of the fact-finder.[23]

Here, the evidence supporting
appellant=s claim that
the killing was a result of sudden passion arising from an adequate cause
showed that someone in the pickup truck had recently committed a drive-by
shooting of appellant=s family=s house.  Appellant, his
parents, his young daughter, and others were present at the time, and at least
one person was standing outside. 
Although it is unclear precisely when during the ensuing pursuit
Rodriguez was killed, one witness testified that he was hit just as the truck
was leaving the block where the drive-by shooting occurred.  Appellant, however, did not appear nervous or
upset to the officer who responded to the drive-by shooting. 








Approximately one month
before the murder, appellant had shot at another person in an unrelated
incident.  Fabian Soliz, Jr. testified
that he saw his sister and appellant argue at a car wash, and appellant had a
gun but eventually drove away.  Soliz
also left the car wash, thinking the incident was over, but soon discovered
that appellant was following him.  When
both Soliz=s and
appellant=s cars
stopped, appellant pulled out the gun and fired three shots in Soliz=s direction, hitting his vehicle. 
Soliz testified that appellant was not yelling and appeared Acalm the whole time.@[24]  

Viewing this evidence under
the appropriate standard, we cannot conclude that the jury=s failure to find that appellant acted under the immediate influence
of sudden passion is so against the great weight and preponderance of the
evidence as to be clearly wrong or manifestly unjust.  We overrule appellant=s second issue.








In his third issue, appellant
complains that the trial court improperly overruled his objection to the State=s sentencing argument.  To be
permissible, the State=s jury
argument must fall within one of the following four general areas: (1) summation
of the evidence; (2) reasonable deduction from the evidence; (3) answer to
argument of opposing counsel; or (4) plea for law enforcement.[25]  The State may properly ask the jury to be the
voice of the community but not to lend its ear to the community.[26]  The State may also argue the impact of the
verdict on the community, but it may not ask the jury to consider what the
community wants, desires, requires, or expects.[27]









During the punishment phase,
appellant asked the jury to consider probation. 
In rebuttal, the State argued, AI wonder if the people on Mayfield Road at that intersection think he
ought to be on probation?  I wonder if
the people in that car, in that truck, that gets hit . . . .A[28]  Appellant objected, arguing
that the State improperly asked the jury to do what the community expected of
them.  The trial court overruled the
objection, and the jury subsequently did not recommend probation and sentenced
appellant to thirty-five years in prison. 
  The State=s argument suggested to the jury that members of the community would
not want appellant to be given probation. 
The argument was, therefore, improper, and the trial court erroneously
overruled appellant=s objection.[29]

If a jury argument exceeds the bounds of proper argument,
the trial court=s erroneous overruling of a defendant=s objection is not
reversible error unless it affected his substantial rights.[30]  In determining whether appellant=s substantial
rights were affected, we consider the severity of the misconduct, curative
measures, and the certainty of the punishment assessed absent the misconduct.[31]

The focus of the first factorCseverity of the
misconductCis the prejudice caused by the improper
remarks.[32]  In this
case, the
State=s misconduct was
not egregious and did not prejudice appellant. 
The improper argument only occurred at one point, in rebuttal, and the
objectionable line of reasoning was not pursued or emphasized. 








With regard to curative measures, the trial court overruled
appellant=s objection, and, therefore, appellant did
not request an instruction to disregard. 
Immediately after appellant=s objection,
however, the State told the jury to A[j]ust look at the
facts.@  Although a prosecutor=s curative comment
may not carry the same weight as a trial court=s instruction to
disregard, it is nevertheless relevant in determining harm and can, in
appropriate circumstances, render an improper comment harmless.[33]

Further, the jury was instructed that they could recommend
probation only if they sentenced appellant to ten years or less.  The fact that the jury sentenced him to
thirty-five yearsCsignificantly more than the cut-off for
probation eligibilityCindicates that the jury was not on the
border of recommending probation and, therefore, it is likely that the
punishment would have been the same absent the improper argument. 








For all these reasons, we
conclude that, in the context of the entire case against appellant, the trial
court=s error in overruling appellant=s objection to the State=s improper argument did not have a substantial or injurious effect on
the jury=s verdict and did not affect appellant=s substantial rights.[34]  We overrule appellant=s third issue.

        Having
overruled all of appellant=s issues, we affirm the trial court=s judgment. 

PER CURIAM

PANEL
F:  CAYCE, C.J.; WALKER and MCCOY, JJ.

MCCOY,
J., concurs without opinion.

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

DELIVERED:   October 25, 2007                                   











[1]See Tex. R. App. P. 47.4.





[2]There
was evidence that appellant=s brothers were rival gang
members of the individuals who committed the drive-by shooting, but there was
no evidence that appellant was involved in any gang. 





[3]Tex. Penal Code Ann. '
22.05(b)(1) (Vernon 2003).  Appellant
also argues that section 22.05(a) applies. 
A person commits the offense of deadly conduct under section 22.05(a) Aif he
recklessly engages in conduct that places another in imminent danger of serious
bodily injury.@  Id. '
22.05(a).  In the trial court, however,
appellant specifically referred to sections (b) and (c), but not (a).  He has, therefore, forfeited this argument.  See Tex.
R. App. P. 33.1; Mendez v. State, 138 S.W.3d 334, 341B42
(Tex. Crim. App. 2004).





[4]Tex. Penal Code Ann. '
22.05(b)(1). 





[5]622
S.W.2d 442, 446 (Tex. Crim. App. 1981); see Hall v. State, 225 S.W.3d
524, 535B36
(Tex. Crim. App. 2007); Rousseau v. State, 855 S.W.2d 666, 672B73
(Tex. Crim. App.), cert. denied, 510 U.S. 919 (1993).  





[6]Tex. Code Crim. Proc. Ann.
art. 37.09(1), (3) (Vernon 2006). 





[7]Hall, 225
S.W.3d at 535B36. 





[8]Id. at
536; Salinas v. State, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); Rousseau,
855 S.W.2d at 672B73.  





[9]Moore
v. State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  





[10]Hall, 225
S.W.3d at 536; Moore, 969 S.W.2d at 8. 





[11]Hall, 225
S.W.3d at 536.





[12]In
the indictment, the State alleged that appellant Aintentionally
or knowingly cause[d] the death of an individual, Walter Rodriguez[,] by
shooting him with a firearm,@ or that appellant Aintentionally,
with the intent to cause serious bodily injury to Walter Rodriguez, commit[ted]
an act clearly dangerous to human life, namely, shooting him with a firearm,
which caused the death of Walter Rodriguez.@  See Tex.
Penal Code Ann. '
19.02(b)(1)B(2)
(Vernon 2003).





[13]Id. '
22.05(b)(1).





[14]See
Guzman v. State, 188 S.W.3d 185, 189 (Tex. Crim. App. 2006)
(determining whether deadly conduct was an lesser included offense of attempted
murder and aggravated assault as alleged in the indictment).





[15]See Tex. Penal Code Ann. ''
6.03(b), 22.05(b)(1) (Vernon 2003).





[16]Seven
cartridge casings were found at these two locations, and the State=s
expert determined that they had been fired from the same assault rifle. 





[17]Tex. Penal Code Ann. '
19.02(d); Trevino v. State, 157 S.W.3d 818, 821 (Tex. App.CFort
Worth 2005, no pet.).





[18]Tex. Penal Code Ann. '
19.02(a)(2); Trevino, 157 S.W.3d at 821B22.





[19]Tex. Penal Code Ann. '
19.02(a)(1); Trevino, 157 S.W.3d at 822. 





[20]Tex. Penal Code Ann. '
19.02(d); Trevino, 157 S.W.3d at 822.





[21]Trevino
v. State, 100 S.W.3d 232, 241 (Tex. Crim. App. 2003).





[22]See Trevino,
157 S.W.3d at 821; Naasz v. State, 974 S.W.2d 418, 421 (Tex. App.CDallas
1998, pet. ref=d).





[23]Trevino, 157
S.W.3d at 821; Naasz, 974 S.W.2d at 423.





[24]The
State=s
theory at punishment was that appellant Adoesn=t get
mad, he gets even.@ 





[25]Felder v. State, 848 S.W.2d 85, 94B95 (Tex. Crim. App. 1992), cert.
denied, 510 U.S. 829 (1993); Alejandro v. State, 493 S.W.2d 230, 231
(Tex. Crim. App. 1973). 





[26]Cortez
v. State, 683 S.W.2d 419, 421 (Tex. Crim. App. 1984).





[27]Borjan
v. State, 787 S.W.2d 53, 55B56
(Tex. Crim. App. 1990) (noting that the State may not argue that the community
or any particular segment of the community demands a particular punishment);
Cortez, 683 S.W.2d at 421 (listing arguments held to be improper because
their effect was to ask the jury to convict or punish upon public sentiment or
desire rather than the evidence that the jury had received); Rodriguez v.
State, 90 S.W.3d 340, 365 (Tex. App.CEl Paso 2001, pet. ref=d);
Mata v. State, 952 S.W.2d 30, 33 (Tex. App.CSan
Antonio 1997, no pet.) (holding prosecutor=s comment that Aprobation
is not what this community . . . would want@ was
improper).





[28]The
State=s
comment apparently referred to witnesses of the car chase and eventual wrecks
of appellant=s
brothers= car
and the blue pickup truck, and the occupants of a third vehicle that was hit by
the pickup.  





[29]See
Cortez, 683 S.W.2d at 421 (holding trial court erred in overruling appellant=s
objection to improper argument); Mata, 952 S.W.2d at 33B34
(holding prosecutor=s
remark that Aprobation
is not what this community . . . would want@ was
improper).





[30]Tex. R.
App. P. 44.2(b); Martinez
v. State, 17 S.W.3d 677, 692B93 (Tex. Crim. App. 2000); Mosley v. State, 983
S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S.
1070 (1999).  





[31]See Martinez, 17 S.W.3d at 692B93; Mosley, 983 S.W.2d at
259.





[32]Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim.
App. 2004).





[33]Id. at
84 (characterizing a prosecutor=s apology and retraction after
improper argument as curative measures); Canales v. State, 98 S.W.3d
690, 696B97
(Tex. Crim. App.) (holding that any error was harmless where prosecutor
corrected any misstatements of the law immediately following objectionable
comments), cert. denied, 540 U.S. 1051(2003).





[34]See
King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App.
1997).