

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00077-CR

JORGE GAUSIN                                                          APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jorge Gausin appeals from his conviction for aggravated sexual assault. We affirm.

## I. BACKGROUND

On March 18, 2011, Samantha Brown,[2] a convicted prostitute, was walking home. Appellant approached her and offered her money in exchange for sex.

---

[1]See Tex. R. App. P. 47.4.

Brown refused.  Appellant attacked her and dragged her into an alley.  Brown screamed for help, and Appellant put dirt and his fist in her mouth, presumably to quiet her screams.  During the struggle, Appellant broke Brown's arm, and Brown defecated on herself.  Brown feared she was going to die.

A neighbor, hearing "somebody screaming [her] . . . lungs out for help," called the police.  When Fort Worth Police Officers Craig Holt and Travis Verrett arrived, Appellant was on top of Brown, and both were naked from the waist down.  Holt saw that Appellant's "fists were going toward" Brown and that Appellant was choking her and "thrusting up and down on her."  Brown was screaming, "Save me, save me, he's raping me."  Appellant looked at Holt and Verrett "and then turned back and continued doing what he was doing."  When Holt and Verrett got approximately five to ten feet away from Appellant, he "rolled over," and the officers arrested him.  In addition to her broken arm, Brown's face was "extremely beat up" and had "blood from the nose and everywhere along the center of her face."  Verrett, an Iraqi war veteran, described the attack as "the most intimately violent crime [he had] ever witnessed in [his] life."

Brown was taken to a hospital.  Brown was intermittently conscious during her almost five-hour examination.  The exam revealed that DNA found in Brown's

---

[2]The victim's name is a pseudonym, which was used throughout the trial.

vagina matched DNA found on Appellant's penis.[3]   Brown told the examining

nurse that Appellant had beaten her, had put his penis in her vagina, and had

forced her to fellate him.  As a result of her injuries, Brown was hospitalized for

four days.

Appellant was indicted for six counts of, as he states, "various forms of

sexual and aggravated sexual assault" to which he pleaded not guilty.  *See* Tex.

Penal Code Ann. § 22.02 (West 2011), § 22.021 (West Supp. 2013).  At the

conclusion of the first day of testimony, a juror informed the trial court that

another juror was commenting to the jury about his opinions regarding the case.

The trial court's bailiff also reported that the same juror had stated that "he had

posted on Facebook that he had made the jury."  The next morning, the trial court

reminded the jury that discussion about the case was strictly forbidden until

deliberations began:

> Let me take a moment now to remind each of you of the instructions
> that I gave you on yesterday.  As jurors, you are not to have any
> discussion whatsoever about the case.  Okay.  Absolutely no
> discussion about the case among yourselves, until you have heard
> all the evidence, the Court has given you and read the Court's
> Charge.  And then I will tell you to go into the jury room, and only at
> that time can you discuss the case at all.  Okay.  There will be
> absolutely no discussion of the case by any of you.
>
> If anyone attempts to discuss the case with you, please report
> that to me at once, because that would, particularly if a juror is doing

---

[3]Although the DNA was neither Appellant's nor Brown's, this fact suggests
that Brown had sex earlier in the day with another man and that this semen had
been transferred to Appellant's penis during the attack.

it - - be an act of jury misconduct. So there will not be any discussion of the case until the proper time.

No party objected to these instructions, and the State immediately called its next witness.

At the conclusion of the evidence, the State waived two of the aggravated-sexual-assault counts. The jury then was charged on aggravated sexual assault and sexual assault and found Appellant guilty of aggravated sexual assault. After a punishment hearing, the jury recommended thirty years' confinement, and the trial court sentenced Appellant accordingly.

Appellant filed a motion for new trial arguing that the sentence was "excessive and constitutes cruel and unusual punishment." *See* Tex. R. App. P. 21. The new-trial motion was overruled by operation of law. *See* Tex. R. App. P. 21.8(a). Appellant filed a notice of appeal and now argues that the evidence was insufficient to support his conviction because there was "no evidence of a threat of death or serious bodily injury" and that the trial court abused its discretion by failing "to make further inquiry into the violation of the court's instructions" and by failing to declare a mistrial.

## II. DISCUSSION

### A. SUFFICIENCY OF THE EVIDENCE

Appellant's first issue on appeal is that the evidence was insufficient to support his conviction for aggravated sexual assault. Appellant apparently concedes that the evidence was sufficient to sustain a conviction for sexual

4

assault. Appellant argues, however, that the State did not establish the aggravating element of his conviction because the evidence did not show that his actions or words placed Brown in fear of imminent serious bodily injury or death. *See* Tex. Penal Code Ann. § 22.021(a)(2)(A)(ii).

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). Therefore, our task in a sufficiency review is not to re-evaluate the weight and credibility of the evidence, but we are to "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). "To determine the presence of the aggravating nature of an offense, a trier of fact is entitled to consider not only the injuries actually inflicted and the express verbal threats made by a defendant, but also his objective conduct, i.e., his acts, words, or deeds." *Dalton v. State*, 898 S.W.2d 424, 429 (Tex. App.—Fort Worth 1995, pet. ref'd), *disapproved of on other grounds by Watkins v. State*, 946 S.W.2d 594, 602 (Tex. App.—Fort Worth 1997, pets. ref'd); *see also Tinker v. State*, 148 S.W.3d 666,

5

671 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (in challenge to sufficiency of evidence in aggravated sexual assault conviction, holding courts look to evidence "overall" and determine whether defendant's acts, words, or deeds were sufficient to place reasonable person in victim's circumstances in fear of death or serious bodily injury).

As recounted above, the record shows that Appellant choked Brown, hit her in the face until she was bloodied, and shoved dirt and his fist in her mouth to silence her screams for help. Appellant also broke Brown's arm during the struggle. Brown was so frightened that she defecated on herself during the attack and testified at trial that she believed Appellant would kill her. This evidence, along with the physical examination confirming the severe extent of Brown's injuries, was sufficient to allow the jury to have reasonably concluded that a reasonable person in Brown's circumstances would have been placed in fear of imminent serious bodily injury or death by Appellant's actions. *See Tisdale v. State*, 686 S.W.2d 110, 114–15 (Tex. Crim. App. 1984) (holding because victim testified she feared serious bodily injury or death, a verbal threat by defendant not required to enable jury to find implied threat sufficient to uphold aggravated robbery conviction); *Tinker*, 148 S.W.3d at 671–72 (concluding jury could have rationally inferred reasonable person would fear additional serious bodily injury or death during course of defendant's sexual assault of victim that resulted in serious bodily injury to victim); *Mata v. State*, 952 S.W.2d 30, 32 (Tex. App.—San Antonio 1997, no pet.) (holding evidence sufficient to support

6

aggravating element of aggravated sexual assault because victim was physically injured, restrained, and gagged but not verbally threatened); *Dalton*, 898 S.W.2d at 430 (noting that use of force can constitute threat regardless of whether defendant verbally threatens to kill victim). We overrule issue one.

## B. JURY MISCONDUCT

In his second issue, Appellant argues that the trial court abused its discretion by failing to sua sponte make further inquiry into the report of juror misconduct and declare a mistrial. When the trial court was informed of the improper comments made by a juror, the trial court questioned the reporting juror about the comments that had been made. Neither the State nor Appellant's counsel had any questions for the reporting juror even though the trial court asked if they had any further questions for the reporting juror. When the jury reconvened, the trial court reinforced its instructions, in strong and clear language, that the jury was not allowed to communicate about the case with each other or with those not on the jury. Appellant did not avail himself of any of the necessary prerequisites that would have preserved any error arising from the juror misconduct, such as asking the trial court to conduct further inquiry of the reporting juror or otherwise objecting to the trial court's remedial actions, moving for a mistrial, raising the complaint in his motion for new trial, or seeking a formal bill of exception. *See, e.g.*, Tex. R. App. P. 21.2, 33.1, 33.2; *Allen v. State*, 180 S.W.3d 260, 266–67 (Tex. App.—Fort Worth 2005, no pet.); *Cuellar v. State*, 943 S.W.2d 487, 490–91 (Tex. App.—Corpus Christi 1996, pet. ref'd). Thus,

7

Appellant forfeited any error arising from the improper juror communications.  We overrule issue two.

### III.  CONCLUSION

Having overruled Appellant's two issues, we affirm the trial court's judgment.  *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

PANEL:  WALKER, MCCOY, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 13, 2014