PD-1326-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/7/2015 10:45:44 AM
Accepted 10/8/2015 2:08:36 PM
ABEL ACOSTA
CLERK

PD No. _____

# IN THE COURT OF CRIMINAL APPEALS
## AT AUSTIN, TEXAS

| | | |
|---|---|---|
| **HOWARD LARSON WAMPLER, JR.,** | § | |
| **Appellant** | § | |
| | § | **CAUSE NO. 11-13-00374-CR** |
| **V.** | § | |
| | § | **TRIAL COURT NO. F 33837** |
| **THE STATE OF TEXAS,** | § | |
| **Appellee** | § | |

## PETITION FOR DISCRETIONARY REVIEW
## FROM THE ELEVENTH COURT OF APPEALS
## AT EASTLAND, TEXAS

### CHIEF JUSTICE JIM WRIGHT, PRESIDING

### PETITION OF PETITIONER (APPELLANT)

**COPELAND LAW FIRM**
**PO Box 399**
**Cedar Park, Texas 78613**
**Tel. 512-897-8196**
**Fax.  512-215-8144**

**TIM COPELAND**
**State Bar No. 04801500**
**Attorney for Appellant**

FILED IN
COURT OF CRIMINAL APPEALS

October 8, 2015

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS

**Page**

**Table of Contents**      *i-iii*

**Index of Authorities**      *iv*

**I.**      **Identity of Trial Court and Parties**      **1**

**II.**      **Statement Regarding Oral Argument**      **2**

**III.**      **Statement of the Case**      **3**

**IV.**      **Statement of the Procedural History of the Case**      **4**

**V.**      **Ground for Review**      **4**

The Court of Appeals erred when it held that a question asked of veniremen whether they favored punishment or rehabilitation in "these kinds of cases" did not affect appellant's fundament rights to a presumption of innocence and a fair trial. *See* and *cf. Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000); also *see* R.R. 3, pp. 53-61).

**VI.**      **Summary of the Argument**      **4**

**VII.**      **Background and Statement of Pertinent Evidence**      **5**

**VIII.**      **Court of Appeals' Decision**      **6**

**IX.**      **Argument**      **7**

A.      The offending question on whether potential jurors favored punishment or rehabilitation "in these kinds of cases" constituted an improper commitment question.

## TABLE OF CONTENTS, continued

**Page**

        (1)    Only one result was possible on conviction – imprisonment.

        (2)    Rehabilitation was not an option upon conviction.

    B.    The question was fundamentally defective because it compromised appellant's presumption of innocence.

        (1)    Since the "option" of rehabilitation was non-existent, the question was designed to ensure a guilty verdict so the jury could then impose punishment "in these kinds of cases."

        (2)    The taint associated with the error affected the entire panel.

X.    **Prayer**    **9**

XI.    **Certificate of Service and of Compliance with Compliance with Rule 9**    **11**

# INDEX OF AUTHORITIES

**Page**

**Texas Courts of Criminal Appeals cases**

*Blue v. State*                                                      **4,8**
    (41 S.W.3d 129 [Tex. Crim. App. 2000])

*Steadman v. State*                                                  **9**
    360 S.W.3d 499 (Tex. Crim. App. 2012)


**Texas Courts of Appeal cases**

*Mata v. State*                                                      **9**
    952 S.W.2d 30, 33 (Tex. App. – San Antonio, 1997, *no pet.*)

*Phillips v. State*                                                  **7**
    No. 05-08-01654-CR, 2010 WL 297942, at *1
    (Tex. App. – Dallas Jan 27, 2010, *pet. ref'd*)

*Scott v. State*                                                     **7**
    No. 07-12-00375-CR, 2013 WL 4528821, at *1
    (Tex. App. – Amarillo Aug. 26, 2013, no pet.)

*Trevino v. State*                                                   **7**
    No. 09-13-00075-CR, 2014 WL 5370663, at *7-8
    (Tex. App. – Beaumont October 22, 2014, *pet. ref'd*)
    (mem. op.))

**Statutes**

**TEX. PENAL CODE §1.11(a)(1), (d) (West 2011)**                      **3**

**TEX. PENAL CODE §12.42(C)(2)(West Supp. 2014)**                     **3**

# I. IDENTITY OF TRIAL COURT AND PARTIES

**TO THE COURT OF CRIMINAL APPEALS:**

**NOW COMES** Howard Larson Wampler, Jr., appellant, who would show the Court that the trial court and interested parties herein are as follows:

**HON. STEPHEN BRISTOW**, Judge Presiding, 90th Judicial District Court, Stephens County, Texas.

**HOWARD LARSON WAMPLER, JR**., appellant, TDCJ No. 1897163, Allred Unit, 2701 FM 369 N, Iowa Park, Texas 76367.

**TOM WATSON**, trial attorney for appellant, 2441 So. 1st St., Abilene, Texas 79605.

**TIM COPELAND**, appellate attorney for appellant, P.O. Box 399, Cedar Park, Texas 78613.

**DEE PEAVY** and **RYAN CONWAY**, Stephens County District Attorney and Assistant District Attorney, respectively, trial and appellate attorneys for appellee, the State of Texas, 516 4th St., Ste. 206, Graham, Texas 76450.

## II.  STATEMENT REGARDING ORAL ARGUMENT

Appellant believes the clarity of the issue in this case is such that oral argument would add nothing.

**IN THE COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS**

| | | |
|---|---|---|
| **HOWARD LARSON WAMPLER, JR.,** | § | |
| Appellant | § | |
| | § | **CAUSE NO. 11-13-00374-CR** |
| **V.** | § | |
| | § | **TRIAL COURT NO. F 33837** |
| **THE STATE OF TEXAS,** | § | |
| Appellee | § | |

**PETITION FOR DISCRETIONARY REVEW
FROM THE ELEVENTH COURT OF APPEALS
AT EASTLAND, TEXAS**

**CHIEF JUSTICE JIM WRIGHT, PRESIDING**

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS**:

**III. STATEMENT OF THE CASE**

A. jury found Howard Larson Wampler, Jr. guilty of the second-degree felony offense of indecency with a child by contact and found one enhancement "true." **TEX. PENAL CODE §1.11(a)(1), (d) (West 2011)** and R.R. 6, p. 23. The jury assessed his punishment at confinement for life, and the trial court sentenced him accordingly. **TEX. PENAL CODE §12.42(C)(2)(West Supp. 2014)** and see R.R. 7, p. 14.

## IV. STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

The Eleventh Court of Appeals at Eastland, Texas, by Opinion dated September 30, 2015, affirmed Wampler's conviction and sentence. A copy of that opinion is hereto attached as if fully incorporated herein at length.

## V. GROUND FOR REVIEW

The Court of Appeals erred when it held that a question asked of veniremen whether they favored punishment or rehabilitation in "these kinds of cases" did not affect appellant's fundament rights to a presumption of innocence and a fair trial. *See* and *cf. Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000); also *see* R.R. 3, pp. 53-61).

## VI. SUMMARY OF THE ARGUMENT

The State asked an improper commitment question of veniremen calculated to appeal to community prejudice which could only be satisfied by a finding of guilt. Specifically, the State asked potential jurors whether they believed punishment or rehabilitation was the proper goal of the criminal justice system "in these cases". Since "rehabilitation" was not an option in "this kind of case" (only imprisonment), the question constituted an improper commitment question and implicated appellant's fundamental right to a fair trial and his presumption of innocence.

Petition for Discretionary Review
*Howard Larson Wampler, Jr. v. The State of Texas*
No. 11-13-00374-CR                                                                    4

# VII. BACKGROUND AND STATEMENT OF PERTINENT EVIDENCE

Wampler did not challenge the sufficiency of the evidence. Instead, his appeal focused on error which occurred during the State's voir dire. Relevant to that focus, the following occurred, as noted by the Court of Appeals in its opinion at page 2:

> At the end of the State's voir dire, the prosecutor began an explanation of the goals of the criminal justice system. She explained the following:
>
>> Okay. I like to ask juries this: It's a philosophical question and there's no right or wrong answer, and this is the last question I'm going to ask you and then I'll let [defense counsel] talk to you. I'm sorry if I've been long-winded. This is an important case.
>>
>> I'm going to go row by row, and I just want you to think about it, but in our system, with our criminal justice system, a lot of people think that punishment is a better goal than rehabilitation. Some people think that you're likely to deter or prevent crime if you have high penalties and do punishment for the people that commit these crimes. A lot of people on the other hand think that rehabilitation is the way to go; that if you focus on the offender, on the defendants in these cases, and provide them help that that is more likely to prevent crime than the punishment regime.
>>
>> So I'm going to go through and which way do you lean. And not middle ground, but are you more of a punishment, do you believe more in the punishment theory, or more in the rehabilitation theory?
>
> (—R.R. 3, p. 54).

The State asked five veniremen this question, and all five answered. The sixth venireman, however, stated that he could not answer the question without first hearing the case. (R.R. 3, p. 56). When the State pressed the venireman for an answer, Appellant objected to the question and claimed it was an impermissible commitment question. The trial court overruled Appellant's objection and then instructed the State to move on if the venireman did not have a clear viewpoint. (R.R. 3, p. 55-56). The State then asked the next *forty-nine* veniremen the same question. (R.R. 3, pp. 56-61) and *see Slip op.* at 2.

## VIII. COURT OF APPEALS' DECISION

Wampler argued on appeal that the trial court committed fundamental error when it allowed the State to appeal to community prejudice by asking the veniremen whether they "leaned" toward a criminal justice system where punishment for people that commit "these crimes" is a better goal than rehabilitation. "Rehabilitation," after all, was not an option in this case – only incarceration. However, the Court of Appeals found that Wampler failed to timely object to the State's question so his contention on appeal that the question was improper was waived. (*Slip op.* at 4, citing **Phillips v. State**, No. 05-08-01654-CR, 2010 WL 297942, at *1 (Tex. App. – Dallas Jan 27, 2010, *pet. ref'd*) (not designated for publication) (determining that the error was not fundamental)) and also see **Scott v. State**, No. 07-12-00375-CR, 2013

WL 4528821, at *1 (Tex. App. – Amarillo Aug. 26, 2013, no pet.)(mem. op. not designated for publication). Finally, the Court of Appeals held that the trial court did not commit fundamental error when it allowed the question. The Court compared the question to *arguments* which appeal to community prejudice which are waived if the defendant does not timely object to the improper argument. (*Slip op.* at 4, citing *e.g.*, **Trevino v. State**, No. 09-13-00075-CR, 2014 WL 5370663,   at *7-8 (Tex. App. – Beaumont October 22, 2014, *pet. ref'd*) (mem. op.)). (*Slip op*. at 4).

## IX. ARGUMENT

The Court of Appeals erred in finding that the offending question did not affect appellant's fundamental rights to the presumption of innocence and a fair trial. *Improper Commitment Question*

Here, the State's question propounded to each venire member constituted an improper commitment question because the nature of the case dictated only one result was possible on conviction--imprisonment. After all, rehabilitation was not available for consideration by the jury in his case because, on a finding of guilt, punishment was automatically assessed at life imprisonment. Since the "option" of rehabilitation was not available to the jury, the State's question was really designed, not to inquire how the jurors felt philosophically about "this kind of case," but to

insure that any jurors ultimately chosen were prejudiced for punishment, thus guaranteeing a finding of guilt "in these kinds of cases" as sought by the State.

*Fundamental Error*

While true that Wampler cannot cite a case that holds that an improper voir dire commitment question constitutes fundamental error, a plurality of this Court has held that improper comments in voir dire that compromised a defendant's presumption of innocence did not require an objection to preserve the issue for appeal. ***Blue v. State***, 41 S.W.3d 129 (Tex. Crim. App. 2000)(*plurality op.*). In that case, a plurality of the judges of the Texas Court of Criminal Appeals held that the trial judge's comments indicating to members of the venire that defendant was considering entering into a plea agreement and that the judge would have preferred that defendant plead guilty were of constitutional dimension and required no objection to preserve the issue for appeal. (Per Johnson, J., with three judges concurring and two judges concurring in the judgement.) Here, the State's question propounded to each venire member constituted an improper commitment question because the nature of the case dictated only one result was possible on conviction-- imprisonment. That intended result undermined Wampler's constitutionally protected presumption of innocence. After all, rehabilitation was not available for consideration by the jury in a case where, on a finding of guilt, punishment was automatically assessed at life imprisonment. There were no real "options" available

to the jury, and the State's question was really designed, not to inquire how the jurors felt philosophically about "this kind of case," but to insure that the jury ultimately chosen was prejudiced for punishment, thus guaranteeing a finding of guilt "in these kinds of cases" as sought by the State. By couching the question as one applicable in "this kind of case", the question impinged on Wampler's constitutionally guaranteed presumption of innocence and thus his right to a fair trial.

The State's question here closely resembled what the appellate court found impermissible in *Mata v. State*, 952 S.W.2d 30, 33 (Tex. App. – San Antonio, 1997, *no pet.*), which held improper the argument: "…[in] an aggravated sexual assault such as this, probation is not what this community and what the State would want." That argument, the *Mata* court reasoned, was pointedly aimed at securing the jury members' guilty verdict by an improper appeal to community prejudice. In like fashion, the question posed to the jury in this case was an attempt to appeal to potential jurors predisposed and prejudiced to a finding of guilt in "these kinds of cases." Moreover, the taint associated with the described error affected the entire venire panel. After all, the impermissible question was put to the entire panel, over objection, row by row. When that result is reached, *i.e.*, the constitutionally tainted portion of trial encompasses the entire jury-selection process, "…it has been almost universally held that relief involves a new *voir dire* and a new jury; perforce, it necessitates a new trial." *Steadman v. State*, 360 S.W.3d 499 (Tex. Crim. App.

2012). Because the State's question sought to appeal to community prejudice to deny his constitutionally protected presumption of innocence, the Court of Appeals erred in finding that the trial court did not commit fundamental error when it allowed the prosecutor to ask the complained of question during voir dire.

## X. PRAYER

**WHEREFORE**, Mr. Wampler prays that this Court reverse the judgment of the appellate court and remand for consideration of egregious harm and prejudice to Wampler's constitutionally protected presumption of innocence.

**COPELAND LAW FIRM**
P.O. Box 399
Cedar Park, TX 78613
Mobil/Text:  512.897.8196
Fax:  512.215.8114
Email:  tcopeland14@yahoo.com

By:    /s/ Tim Copeland
      Tim Copeland
      State Bar No. 04801500
      Attorney for Appellant

# XI. CERTIFICATE OF SERVICE AND OF
# COMPLIANCE WITH RULE 9

This is to certify that on October 7, 2015, a true and correct copy of the above and foregoing document was served on the State Prosecuting Attorney, PO Box 12405, Capitol Station, Austin, TX 78711, and on Dee Peavy and Ryan Conway, Stephens County District Attorney and Assistant District Attorney, respectively, 516 4th St., Ste. 206, Graham, Texas 76450 in accordance with the Texas Rules of Appellate Procedure, and that the Petition for Discretionary Review is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 1929 words.

/s/ <u>Tim Copeland</u>
Tim Copeland



# 11TH COURT OF
# APPEALS
# EASTLAND,
# TEXAS
# JUDGMENT

Howard Larson Wampler, Jr.,

\* From the 90th District
Court of Stephens
County, Trial Court
No. F33837.

Vs. No. 11-13-00374-CR

\* September 30, 2015

The State of Texas,

\* Opinion by Wilson, J.
(Panel consists of: Wright, C.J.,
Wilson, J., and Bailey, J.)

This court has inspected the record in this cause and concludes that there is no error in the judgment below. Therefore, in accordance with this court's opinion, the judgment of the trial court is in all things affirmed.



In The

# ELEVENTH COURT OF APPEALS

_____

No. 11-13-00374-CR

_____

HOWARD LARSON WAMPLER, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 90th District Court

Stephens County, Texas

Trial Court Cause No. F33837

O P I N I O N

The jury found Howard Larson Wampler, Jr. guilty of the second-degree felony offense of indecency with a child by contact and found one enhancement "true." TEX. PENAL CODE ANN. § 21.1 1 (a)(l), (d) (West 2011). The jury assessed his punishment at confinement for life. *See* PENAL § 12.42(c)(2) (West Supp. 2014). The trial court sentenced him accordingly. Appellant asserts two issues on appeal. We affirm.

## I. *Background Facts*

Appellant does not challenge the sufficiency of the evidence, so we only outline those facts relevant to his appeal. At the end of the State's voir dire, the prosecutor began an explanation of the goals of the criminal justice system. She explained the following:

> Okay. I like to ask juries this: It's a philosophical question, and there's no right or wrong answer. And this is the last question I'm going to ask you and then I'll let [defense counsel] talk to you. I'm sorry if I've been long-winded. This is an important case.
>
> I'm going to go row by row, and I just want you to think about it, but in our system, with our criminal justice system, a lot of people think that punishment is a better goal than rehabilitation. Some people think that you're likely to deter or prevent crime if you have high penalties and do punishment for the people that commit these crimes. A lot of people on the other hand think that rehabilitation is the way to go; that if you focus on the offender, on the defendants in these cases, and provide them help that that is more likely to prevent crime than the punishment regime.

At the end of this explanation, the State asked this question:

> So I'm going to go through and which way do you lean. And not middle ground, but are you more of a punishment, do you believe more in the punishment theory, or more in the rehabilitation theory?

The State asked five veniremen this question, and all five answered. The sixth venireman, however, stated that he could not answer the question without first hearing the case. When the State pressed the venireman for an answer, Appellant objected to the question and claimed it was an impermissible commitment question. The trial court overruled Appellant's objection and then instructed the State *to* move on if the venireman did not have a clear viewpoint.

2

## II. *Analysis*

Appellant contends that the trial court abused its discretion when it overruled his objection to the State's question because the question (2) was calculated to appeal to community prejudice. A trial court has wide discretion in its control of voir dire. *Barajas v. State,* 93 S.W.3d 36, 38 (Tex. Crim. App. 2002); *Shipley v. State,* 790 S.W.2d 604, 608 (Tex. Crim. App. 1990). We review the ruling of the trial court on an allegedly improper commitment question during voir dire for an abuse of discretion. *Standefer v. State,* 59 S.W.3d 177, 179 (Tex. Crim. App. 2001); *Atkins v. State,* 951 S.W.2d 787, 790 (Tex. Crim. App. 1997).

### A. *Issue One: Commitment Question*

"[L]itigants are given 'broader latitude' . . . to inquire into a prospective juror's general philosophical outlook on the justice system when they conduct voir dire. *Vrba v. State,* 151 S.W.3d 676, 678 (Tex. App.-Waco 2004, pet. ref d) (quoting *Sells v. State,* 121 S.W.3d 748, 756 n.22 (Tex. Crim. App. 2003)). A question is proper if it seeks to discover a juror's views on an issue applicable to the case. *Shipley,* 790 S.W.2d at 608. But litigants may not ask commitment questions. *Standefer,* 59 S.W.3d at 179. A commitment question is a voir dire question that seeks to "commit a prospective juror to resolve, or to refrain from resolving, an issue a certain way after learning a particular fact." *Id.* A party must make a timely, specific objection at the earliest possible opportunity in order to preserve error that a voir dire question was improper. *Ross v. State,* 154 S.W.3d 804, 807 (Tex. App.-Houston [14th Dist.] 2004, pet. ref'd); *accord Turner v. State,* 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). If one venireman answered an allegedly improper question, and the defendant failed to object, then the defendant's argument is waived. *See Montgomery v. State,* 198

S.W.3d 67, 74 (Tex. App.-Fort Worth 2006, pet. ref d). In addition, if a party asks an improper commitment question, that error may be waived if a timely objection is not made. *See Phillips v. State,* No. 05-08-01654-CR, 2010 WL 297942, at *1 (Tex. App.-Dallas Jan. 27, 2010, pet. ref d) (not designated for publication) (determining that the error was not a fundamental error); *see also Scott v. State,* No. 07-12-00375- CR, 2013 WL 4528821, at *1 (Tex. App.-Amarillo Aug. 26, 2013, no pet.) (mem. op., not designated for publication). Here, five veniremen answered the allegedly improper question before Appellant objected.      Thus, Appellant failed to timely object, and he has waived this complaint on appeal. *See* TEX. R. APP. P. 33.l (a); *Montgomery,* 198 S.W.3d at 74; *Ross,* 154 S.W.3d at 807. We overrule Appellant's first issue.

    *B. Issue Two: Fundamental Error - Community Prejudice*

    Appellant contends that the State's commitment question also was improper because it "was calculated to appeal to community prejudice which could only be satisfied by a finding of guilt." Appellant argues the "rehabilitation versus punishment" question constituted fundamental error because rehabilitation was not an option in this case. In addition, Appellant argues that the question impermissibly undermined his constitutionally protected presumption of innocence. Contentions that the State asked an improper question in voir dire, as we previously explained, require a timely objection from the defendant to preserve e11'or. *See Scott,* 2013 \VL 4528821, at *1; *Huff v. State,* No. 07-10-00174-CR, 2010 WL 4828491, at *2 (Tex. App.-Amarillo Nov. 29, 2010, no pet.) (mem. op., not designated for publication). Appellant cites no case that held that a voir dire question appealing to community prejudice constituted fundamental error, and this court has not found one. We have found several cases that

4

hold that appeals to community prejudice, in closing arguments before a jury, are waived if the defendant does not timely object to the improper argument. *See, e.g., Trevino v. State,* No. 09-13-00075-CR, 2014 WL 5370663, at *7-8 (Tex. App.-Beaumont Oct. 22, 2014, pet. ref d) (mem. op.);*Garcia v. State,* No. 04-96-00982-CR, 1997 WL 731969, at *1-2 (Tex. App.-San Antonio Nov. 26, 1997, pet. ref d) (not designated for publication). Appellant failed to timely object to the State's question. We disagree with Appellant's assertion that the State's question affected the presumption of innocence, and we cannot hold that the trial court committed fundamental error when it permitted the prosecutor to the complained-of question during voir dire. We overrule Appellant's second issue.

### III. *This Court 's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON JUSTICE

September 30, 2015

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C. J.,
Wilson, J., and Bailey, J.

5